75387. PULLIAM v. RICHMOND COUNTY BOARD OF COMMISSIONERS et al.
(361 SE2d 544)

DEEN, Presiding Judge.

On November 19, 1984, at approximately 10:30 a.m., Mitchell Pulliam was on routine patrol as an officer of the Richmond County Police Department. Immediately upon negotiating a curve in the road, he had to brake and swerve to avoid a motorgrader that was pulling out onto the road. Pulliam lost control of his patrol car and turned into and struck a power company utility pole. The motorgrader, which was driven by an unsupervised inmate of the Richmond County Correctional Institute, continued down the road.

Pulliam got out of his patrol car and made the inmate driver come back. Another Richmond County police officer investigated the incident and administered an alcosensor test on the inmate driver which was positive for alcohol. Officers from the Richmond County Correctional Institute eventually arrived and initially resisted the police officers' notion to take the inmate down to the station, on the basis that the police officers lacked authority to take custody of the inmate, who was already a prisoner. Nevertheless, the officers ultimately transported the inmate to the police station, where, after two and a half hours, an intoximeter test indicated a blood alcohol level of .09 percent. The inmate claimed that he had drunk one can of beer that he had found on the side of the road.

Subsequently, Pulliam commenced this action against the Richmond County Board of Commissioners and the State of Georgia, seeking to recover for injuries he sustained in this collision. The trial court granted summary judgment for Richmond County on February 10, 1987, and for the State of Georgia on February 26, 1987. Pulliam filed a notice of appeal only from the order granting summary judgment for Richmond County. *Held*:

The trial court granted summary judgment for Richmond County on the basis that Pulliam's sole remedy against Richmond County

was workers' compensation benefits. OCGA § 34-9-11, generally; *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174 (335 SE2d 458) (1985). Pulliam contends that the exclusive rights rule is inapplicable here because Richmond County was acting in a dual capacity, with duties arising out of its supervision of inmates that were separate and distinct from those arising out of the employer/employee relationship; the breach of the former created a hazard common to the general public and not unique to his employment. There is allure to that logic, but the fact remains that Pulliam was injured as a result of a traffic incident, a risk that he was exposed to because of his employment. *National Fire Ins. Co. v. Edwards*, 152 Ga. App. 566 (263 SE2d 455) (1979). Consequently, we agree that the exclusive rights provision of OCGA § 34-9-11 barred this action.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1987.

*Richard L. Powell*, for appellant.
*James W. Ellison, Robert C. Daniel, Jr.*, for appellees.