DAVID HURLEY *vs.* CODMAN MANAGEMENT COMPANY, INC.; TRUSTEES OF HEALTH AND HOSPITALS OF THE CITY OF BOSTON, INC., third-party defendant. No. 88-P-167. May 17, 1989. *Boston. Trustees of Health and Hospitals of the City of Boston. Workmen's Compensation Act,* Identity of employer, Action against third person. *Joint Tortfeasors. Contribution. Indemnity.*

Codman, a management company that cares for the building and grounds of Boston City Hospital under a contract with the Trustees of Health and Hospitals of the City of Boston, Inc., sought by its third-party complaint to hold the trustees liable to Codman, either by way of indemnification or contribution, for part or all of a judgment recorded (by settlement) against Codman by one Hurley, a Boston City Hospital employee, who had slipped and fallen on a floor which was wet due to leaks in the ceiling. The judge allowed the trustees' motion for summary judgment, and Codman has appealed.

---

1. Hurley received workers' compensation from his employer, the city of Boston, which is, by statute (G. L. c. 152, § 23), exempted from tort liability to Hurley. The trustees are "not an entity separate and apart from the city . . . [but] simply the corporate hat of the members of a public board charged with the management and·operation of a department of the city government." *Holt* v. *Boston,* 24 Mass. App. Ct. 175, 179 (1987) (citations omitted). The contract between the trustees and the city, designating the trustees as an independent contractor, is apparently intended to establish the status of employees and agents of the trustees (as opposed to those of the hospital) as nonemployees of the city. Such a contract cannot alter the organic status of the trustees, which, as discussed in the *Holt* decision, is fixed by statutes (St. 1880, c. 174, and St. 1965, c. 656). Thus, the trustees are protected by the city's exemption (as Hurley's employer) from tort liability. For that reason they may not be held liable for contribution as a joint tortfeasor. *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 526 (1978).

2. The trustees' exemption from tort liability does not preclude their liability through a contractual promise of indemnification. *Id.* at 526-527. Their contract with Codman promises indemnification to Codman for "any and all liability . . . which [Codman] may . . . be required to pay by reason of any judgment rendered against [Codman] which does not arise out of, or [a]s a result of, [Codman's] negligence, the negligence of those under [Codman's] control, or the negligence of those for whom [Codman] is responsible. It is understood . . . that negligence shall include acts of omission and commission, but shall not include acts of omission which are beyond the control of [Codman]." The judge correctly ruled, in effect, that the provisions of the contract requiring prior approval of the trustees for roof repair work, an approval which Codman had admittedly sought, did not put beyond Codman's control the ordinary janitorial functions, such as mopping up puddles or posting warnings, that were its responsibility under the contract.

*Judgment affirmed.*

*John F. Toomey* for Codman Management Company, Inc.

*Joseph L. Tehan, Jr.,* Assistant Corporation Counsel, for Trustees of Health and Hospitals of the City of Boston, Inc.