1997-NMSC-054

946 P.2d 645

Sara SINGHAS, Plaintiff–Petitioner,

and

Dan Soriano, personal representative of the Estate of Veronica Soriano, deceased, and Michelle Soriano, through her father and next friend, Dan Soriano, Plaintiffs–in–Intervention–Petitioners,

v.

NEW MEXICO STATE HIGHWAY DEPARTMENT, Defendant–Respondent.

No. 23084.

Supreme Court of New Mexico.

Sept. 30, 1997.

Durkovich & Martinez, Stephen Durkovich, Kevin Martinez, Carpenter & Chavez, Ltd., Edward L. Chavez, David J. Stout, Albuquerque, for Petitioners.

Bradley & McCulloch, P.A., Katherine E. Tourek, Lisa T. Mack, Albuquerque, for Defendants–Respondent.

## OPINION

FRANCHINI, Chief Justice.

1 Veronica Soriano was killed, and her daughter Michelle and her co-worker Sara Singhas were injured, in an automobile accident on U.S. 180. Singhas, Dan Soriano as Personal Representative of the estate of his wife Veronica, and Michelle through Dan, her father, brought a complaint for personal injuries against the New Mexico Highway Department. Dan Soriano also filed an independent claim for loss of consortium. At the time of the accident both Singhas and Veronica Soriano were Public Defenders, travelling to a mental health task force meeting for the State of New Mexico Public Defender's Department. The trial court found that the Highway Department could not shelter itself from liability under the Workers' Compensation Act's exclusive remedy provision, NMSA 1978, § 52–1–6(D) (1990), because it was a "separate legal entity" from the Public Defender's Department. The Highway Department appealed and the Court of Appeals reversed the trial court holding that recovery against the Highway Department was prohibited under the Workers' Compensation Act's exclusive remedy provision. The Court of Appeals also held that Dan Soriano's claim for loss of consortium was barred under the exclusity provision. We granted certiorari, and affirm the Court of Appeals decision.

2 *Factual background and procedural history.* Veronica Soriano and Singhas were driving in Soriano's truck to Las Cruces when Veronica Soriano attempted to pass a truck at a segmented-center-highway line. The truck turned left and the accident ensued. Veronica Soriano was killed. Singhas and Soriano's daughter, Michelle, who was also a passenger in Veronica Soriano's truck, were injured. The complaint alleged that the Highway Department was negligent in failing to properly stripe and place signs along the highway.

3 Singhas is receiving workers' compensation benefits from the State of New Mexico pursuant to the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (1929, as amended through 1993). Veronica Soriano's eligible dependents are receiving workers' compensation death benefits from the State of New Mexico pursuant to NMSA 1978, § 52–1–46 (1987) (providing compensation benefits for death). Section 52–1–46 (compensation benefits for death).

■ 4 *The State of New Mexico is the employer under the Act.* The Court of Appeals determined that the State of New Mexico, not the Public Defender's Department, was the employer of Singhas and Veronica Soriano for the purpose of the Workers' Compensation Act. Singhas and Soriano argue that the Highway Department and the Public Defender's Department should be considered as separate and independent for workers' compensation purposes. Under the Workers' Compensation Act's exclusivity provision an employer's compliance with the Act results in

a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding what ever for or on account of such personal injuries or death of such employee than as provided in the Workers' Compensation Act. . . .

Section 52–1–6(D). Where a cause of action is based on an occurrence within the employment relationship, an action in tort by the employee against the employer is precluded by the exclusive remedy provision of the Workers' Compensation Act. A holding that Singhas and Soriano were employed by the Public Defender's Department, and that the Highway Department is a separate employer, would mean that Singhas and Soriano could collect workers' compensation from the Public Defender's Department and also maintain a suit against the Highway Department.

**44**

**5** The Court of Appeals applied the exclusivity provision of the Act to bar all tort claims by employees of one state agency where the tortfeasor is another state agency. We agree with the Court of Appeals that "as a matter of law" the "State is the employer." *Singhas v. New Mexico Highway Dep't*, 120 N.M. 474, 477, 902 P.2d 1077, 1080 (Ct.App. 1995). *See also* NMSA 1978, §§ 52–1–2 to –3 (1987) (defining employers who come within the Workers' Compensation Act). Section 52–1–3(D) specifically provides that "[f]or purposes of this section, 'state' or 'state agency' means the State of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions."

**6** The Court of Appeals held, and we agree, that it is "significant" that "[t]he legislature has not attempted to distinguish the various state agencies and departments from the State itself." *Singhas*, 120 N.M. at 477, 902 P.2d at 1080. Attempts in other jurisdictions to "subdivide a [state or] municipality, and assert common-law rights on behalf of an employee of one ... department against a different ... department as if it were a stranger ... have ... been consistently unsuccessful."[1] *See* 6 Arthur Larson, *Workers' Compensation Law* § 72.85(b) (1988). We believe the legislature intended that the State of New Mexico be considered the employer of all employees in its various "branches, agencies, departments, boards, instrumentalities or institutions." Section 52–1–3(D).

**7** Singhas and Veronica Soriano argue that the "Dual Persona" Doctrine, if applied to this case, provides an exception to the exclusivity rule. "Under the 'dual persona' Doctrine, an employer may become a third person, vulnerable to a tort suit by an employee, if, and only if, [the employer] possesses a second persona completely independent from and unrelated to [its] status as employer." *Salswedel v. Enerpharm, Ltd.*, 107 N.M. 728, 731, 764 P.2d 499, 502 (Ct.App. 1988) (citing 6 Larson, *supra*, at § 72.81 (1988)). "The central requirement is that there be a separate and distinct legal persona rather than merely a second theory of liability in the same person." *Id.* at 732, 764 P.2d at 503; *see also* 6 Larson, *supra*, at § 72.61(c).

**8** Because both Singhas and Veronica Soriano's dependents are receiving benefits from the State of New Mexico, and because Section 52–1–3(D) specifically provides that "[f]or purposes of this section, 'state' or 'state agency' means the State of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions," § 52–1–3(C), we hold that the "Dual Persona" doctrine cannot provide an exception to the exclusivity rule in this case. Here the Public Defender's Department and the Highway Department are departments within the State of New Mexico. "The chief aim of statutory construction is to give effect to the intent of the legislature." *Roth v. Thompson*, 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992). We conclude that, under the Act, the legislature clearly intended that the State of New Mexico, and not the individual agency, be considered the employer for employees in all of its departments.

**9** *A spouse may not bring an action for loss of consortium against the employer under the Act.* We also affirm the Court of Appeals decision that "[t]he cause of action for loss of consortium would be a remedy at law barred by the exclusivity provision." *Singhas*, 120 N.M. at 480, 902 P.2d at 1083. The Workers' Compensation Act prohibits this type of recovery on its face. The Act

---

1. *See, e.g., Berger v. U.G.I. Corp.*, 285 Pa.Super. 374, 427 A.2d 1161 (1981); *Bross v. City of Detroit*, 262 Mich. 447, 247 N.W. 714 (1933); *De Guiseppe v. City of New York*, 188 Misc. 897, 66 N.Y.S.2d 866, (Sup.Ct.1946), *aff'd*, 273 A.D. 1010, 79 N.Y.S.2d 163 (1948); *Henning v. General Motors Assembly Div.*, 143 Wis.2d 1, 419 N.W.2d 551 (1988); *Holody v. City of Detroit*, 117 Mich.App. 76, 323 N.W.2d 599 (1982); *Holt v. City of Boston*, 24 Mass.App.Ct. 175, 507 N.E.2d 766 (1987); *Jones v. Kaiser Indus. Corp.*, 43 Cal.3d 552, 237 Cal.Rptr. 568, 737 P.2d 771 (1987); *Osborne v. Commonwealth*, 353 S.W.2d 373 (Ky.1962); *Pulliam v. Richmond County Board of Comm'rs*, 184 Ga.App. 403, 361 S.E.2d 544 (1987); *Sutmire v. Andrews*, 108 Pa.Cmwlth. 90, 529 A.2d 68 (1987); *Thompson v. Lewis County*, 92 Wash.2d 204, 595 P.2d 541 (1979); *Walker v. City & County of San Francisco*, 97 Cal.App.2d 901, 219 P.2d 487 (1950); *Wright v. Moore*, 380 So.2d 172, 173 n. 1 (La.Ct.App.1979). *But see, Lima v. Cty. of Rockland*, 132 Misc.2d 447, 503 N.Y.S.2d 964 (Sup.Ct.1986), *aff'd*, 133 A.D.2d 740, 520 N.Y.S.2d 161 (1987).

binds the employee "and, for compensation for his death, shall bind his personal representative, his surviving spouse and next of kin." Section 52–1–6(D).

10 We have said, in referring to an earlier version of the New Mexico Workers' Compensation Act, that "[t]he language of the New Mexico statute is very restrictive and all embracing. It expressly limits the liability of the employer and abolishes all rights and remedies of every person whomsoever against the employer except as provided by the act." *Roseberry v. Phillips Petroleum Co.*, 70 N.M. 19, 21, 369 P.2d 403, 405 (1962) (citations omitted). In *Archer v. Roadrunner Trucking Inc.*, 1997 NMSC 003 ¶ 16, 122 N.M. 703, 710, 930 P.2d 1155, 1160, we held that "the Workers' ·Compensation Act bars an action for loss of consortium by the spouse of an injured worker."

11 *Conclusion.* We affirm the Court of Appeals holding that the State of New Mexico was the employer of Singhas and Veronica Soriano for the purposes of the exclusivity provision of the Workers' Compensation Act, that the "Dual Persona" doctrine does not provide an exception to the exclusivity provision in this case, and that Dan Soriano's claim for loss of consortium is barred by the exclusivity provision of the Workers' Compensation Act.

12 IT IS SO ORDERED.

BACA and SERNA JJ., concur.

1997-NMCA-107