Sabra, J.
This is the appeal of the allowance of a motion for summary judgment filed by defendant, Ballymeade Country Club (hereinafter “Ballymeade”), on the grounds that the Workers’ Compensation Act, G.L.c. 152, section 23 precludes the plaintiff-employee’s injury claim against the defendant-employer. The plaintiff, Michael Newton (hereinafter “Newton”), claims error in that decision and appeals the judgment.
We agree with the trial judge’s grant of summary judgment in favor of Bally-meade and affirm the judgment.
The sole issue presented by this appeal is whether the plaintiff is precluded by the workers’ compensation statute from bringing suit against the defendant. It is undisputed that Newton was injured on August 3,1996 when he was struck by a golf cart operated by the third party defendant, James Kirker, at Ballymeade Country Club. Kirker worked at Ballymeade as a golf attendant and also operated a car detailing business there as an independent contractor.
As a result of his injury, Newton filed a workers’ compensation claim against Ballymeade asserting that the defendant was his employer under G.L.c. 152, sections 34, 35,13, and 30. Newton was awarded workers’ compensation benefits on September 8, 1997 after a conference at the Department of Industrial Accidents. There was no specific finding as to whether Newton was a “direct” or “statutory” employee at this stage of the proceeding. Subsequently, Newton amended his workers’ compensation claim to assert that he was a “statutory” employee under section 18. As of the time of this appeal, there had been no final determination by the Department of Industrial Accidents as to Newton’s precise status.
On the record presented to the trial judge on the motion for summary judgment, it is evident that Newton applied for and received workers’ compensation benefits as an employee of Ballymeade. General Laws chapter 152, section 23 states:
If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the Department under sections ten to twelve, inclusive, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an *130 agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.
Thus, the trial judge was warranted to find, as a matter of law, that Ballymeade was immune from Newton’s personal injury action. See Hurley v. Codman Management Co., 27 Mass. App. Ct. 1136 (1989) (employer is exempted by statute from tort liability to employee).
The fact that Newton subsequently amended his workers’ compensation claim in an attempt to be considered a “statutory” employee under G.L.c. 152, section 18 does not, in our view, change this result. Although the plaintiff did not present any evidence to show that Newton’s workers’ compensation claim was eventually filed under section 18 (we note that the documents in the Appendix show the claim to have been filed under sections 34, 35, 13, and 30), we assume this to be true for the purposes of this argument. Section 23, however, does not by its terms make any distinction between a claimant’s status as either a “direct” or “statutory” employee. In fact, the inclusion of the language “or accepts payment of compensation on account of personal injury under this chapter,” indicates the breadth of the immunity afforded to those considered “employers” under the statute. Berger v. H.P. Hood, Inc., 416 Mass. 652 (1993). Newton sought and received benefits from his “employer” whom he asserted was Ballymeade for the purposes of filing his workers’ compensation claim. We note that he continues to press that claim. He cannot now have it both ways by accepting compensation benefits and maintaining a tort action against Ballymeade.
For these reasons, we find that it was proper to grant summary judgment in favor of Ballymeade. Accordingly, judgment is affirmed.
So ordered.