OPINION VIGIL, Judge. {1} This case presents an issue of first impression: whether the Workers’ Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2007), is the exclusive remedy for a clerical worker, who was injured as a result of the alleged negligence of a State agency while in the course of commuting on public transportation to her job, because she happened to work for a separate State agency. We hold that the exclusivity provisions of the Act do not bar Plaintiffs negligence action. The district court having held otherwise, we reverse. BACKGROUND {2} The material facts are undisputed. Plaintiff lives in Albuquerque and was an employee of the New Mexico Department of Public Safety (DPS) in Santa Fe. Her duties with DPS consisted of clerical work, fingerprinting members of the public, and filing documents. Her job did not require travel. Plaintiff commuted to her place of employment in Santa Fe via the “Park and Ride” during the entire two and one-half years she was employed with DPS. {3} “Park and Ride” is a private bus service providing transportation to the public between Albuquerque and Santa Fe. Typically, riders boarded the “Park and Ride” at Balloon Fiesta Park in Albuquerque; however, a Department of Transportation (DOT) parking lot was temporarily used during the 2006 Balloon Fiesta. Before dawn on October 19, 2006, Plaintiff drove to and parked in the DOT parking lot for her daily commute. According to the complaint, while walking through the parking lot, Plaintiff was injured when she fell into an unlit hole that was neither clearly marked, barricaded, nor cordoned off. As a result, she received a compound fracture to her leg. DPS eventually terminated Plaintiffs employment because her injuries were deemed non-work related. {4} Plaintiff filed a complaint against DOT alleging premises negligence. In its answer, DOT acknowledged that it held itself open to the public and had a duty to make a reasonable inspection of the premises and warn visitors, including Plaintiff, of any dangerous conditions. In addition, DOT admitted that it owed a duty to Plaintiff as a visitor to exercise ordinary care to keep the premises safe. {5} DOT filed a motion to dismiss on the basis that the district court lacked subject matter jurisdiction of Plaintiffs tort claims. It asserted that because Plaintiff was a State employee seeking damages from the State ai’ising out of the alleged negligence of the State while going to or coming from work, Plaintiffs exclusive remedy is a workers’ compensation claim under the Act. The district court agreed and granted DOT’s motion. Plaintiff appeals. DISCUSSION {6} Section 52-l-6(E) reads in part: No cause of action outside the Workers’ Compensation Act shall be brought by an employee or dependent against the employer or his representative, including the insurer, guarantor or surety of any employer, for any matter, relating to the occurrence of or payment for any injury or death covered by the Workers’ Compensation Act. Under this section, if the Act provides benefits for a work-related injury, an employee is precluded from pursuing a negligence action against her employer. See Galles Chevrolet Co. v. Chaney, 92 N.M. 618, 620, 593 P.2d 59, 61 (1979) (“If the Workmen’s Compensation Act applies, the employee’s negligence action, if any, is precluded.”). Thus, the question before us is whether the Act applies to Plaintiffs claim and therefore precludes her claim of premises negligence against DOT. {7} Our review of a district court order granting a motion to dismiss for lack of subject matter jurisdiction is de novo. Gallegos v. Pueblo of Tesuque, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668. Interpretation of the Act is a question of law which we also review de novo. Ortiz v. Overland Express, 2010-NMSC-021, ¶ 18, 148 N.M. 405, 237 P.3d 707 (“[W]e review issues concerning legislative intent de novo.”); Espinosa v. Albuquerque Publ’g Co., 1997-NMCA-072, ¶ 7, 123 N.M. 605, 943 P.2d 1058 (stating that we are not required to defer to the district court’s interpretation of a statute because statutory interpretation is a question of law). The Act Does Not Provide Workers’ Compensation Benefits to Ordinary Commuters {8} A basic purpose of the Act is to compensate employees for injuries suffered in the course of their employment. See Rivera v. N.M. Highway & Transp. Dep’t, 115 N.M. 562, 565, 855 P.2d 136, 139 (Ct.App.1993). Accordingly, the Act defines compensable injuries as those “arising out of and in the course of employment.” § 52-1-19. {9} Importantly, the Act excludes injuries suffered by employees during the ordinary commute to and from their employment. See, e.g., Flores v. McKay Oil Corp., 2008-NMCA-123, ¶ 14, 144 N.M. 782, 192 P.3d 777; Ramirez v. Dawson Prod. Partners, Inc., 2000-NMCA-011, ¶ 7, 128 N.M. 601, 995 P.2d 1043. This restriction, known as the “going and coming” rule, is codified at Section 52-1-19 in the following language: As used in the Workers’ Compensation Act, unless the context otherwise requires, “injury by accident arising out of and in the course of employment” shall include accidental injuries to workers and death resulting from accidental injury as a result of their employment and while at work in any place where their employer’s business requires their presence but shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer’s negligence. {10} The going and coming rule recognizes that the relationship between the worker and the employer is suspended between the time the worker leaves his place of employment, until he returns to work. See Flores, 2008-NMCA-123, ¶ 14, 144 N.M. 782, 192 P.3d 777 (“[T]he going and coming rule exists to make everyday commuting between home and the workplace the employee’s business rather than the employer’s.”). Because a commuting worker is subject to the same perils faced by all ordinary commuters, injuries suffered as a result of travel to and from work are noncompensable under the Act absent special circumstances. See 1 Arthur Larson, Larson’s Workers’ Compensation Law § 13.01[1], at 13-3 (2008) (“[I]t is generally taken for granted that workers’ compensation was not intended to protect against all the perils of [the worker’s journey between home and factory].”); Lessard v. Coronado Paint & Decorating Ctr., Inc., 2007-NMCA-122, ¶ 9, 142 N.M. 583, 168 P.3d 155 (“ ‘[A]n employee [en route] to, or returning from, his place of employment, using his own vehicle[,] is not within the scope of his employment absent additional circumstances evidencing control by the employer at the time of the negligent act or omission of the employee.’ ” (third alteration in original) (quoting Nabors v. Harwood Homes, Inc., 77 N.M. 406, 408, 423 P.2d 602, 603 (1967))). A principle reason for the rule is “the employee’s means of transportation, as well as his route are entirely within his discretion, unfettered by any control or power of control on the part of the employer.” Dombach v. Olkon Corp., 163 Conn. 216, 302 A.2d 270, 273 (1972). {11} The going and coming rule is subject to several exceptions. See Dupper v. Liberty Mut. Ins. Co., 105 N.M. 503, 506, 734 P.2d 743, 746 (1987) (discussing employee premises exception); Ramirez, 2000-NMCA-011, ¶¶ 11-17, 128 N.M. 601, 995 P.2d 1043 (discussing traveling employee exception); Arias v. AAA Landscaping, 115 N.M. 239, 240-41, 849 P.2d 382, 383-84 (Ct.App.1993) (discussing the employer’s conveyance exception, the special errand exception, and the dual purpose exception). DOT does not argue that Plaintiffs claim falls within one of the recognized exceptions; rather, DOT asserts that because Plaintiff alleges negligence on the part of DOT, her claim falls within the scope of Section 52-1-19. We disagree. The Context of This Case Limits the Literal Application of Section 52-1-19 {12} The statutory expression of the going and coming rule in New Mexico bases coverage on whether the employer was negligent in causing the worker’s injuries rather than on whether the accident occurred on the employer’s premises. Section 52-1-19 of the Act provides that “injury by accident arising out of and in the course of employment” for which compensation is required “shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer’s negligence.” § 52-1-19 (emphasis added). DOT argues that under the complaint, the State is both Plaintiffs employer (through DPS) and the alleged negligent owner and operator of the parking lot (through DOT). Therefore, asserts DOT, the literal definition of “injury by accident arising out of and in the course of employment” of Section 52-1-19 applies, and Plaintiffs exclusive remedy is under and pursuant to the Act. We disagree. {13} DOT’s argument overlooks the exception in Section 52-1-19 that “injury by accident arising out of and in the course of employment” means what it describes “unless the context otherwise requires [.]” (Emphasis added.) The phrase “unless the context otherwise requires” explicitly acknowledges that certain factual situations do not fall within the literal language of Section 52-1-19. For example, in Vukovich v. St. Louis, Rocky Mountain & Pacific Co., 40 N.M. 374, 60 P.2d 356 (1936), the plaintiff filed a claim for workers’ compensation death benefits ten months after the date of the worker’s death, but over twenty months after the physical injury. Id. at 375, 60 P.2d at 356. The issue on appeal before our Supreme Court was whether the claim was barred by the statute that required the claim to be filed “within one year after the date of such injury.” Id. at 375-76, 60 P.2d at 357 (emphasis omitted). The plaintiff contended that the word “injury” could have two meanings: the physical injury or bodily hurt; or the legal injury giving rise to the cause of action resulting from the death. Id. at 376, 60 P.2d at 357. The plaintiff further relied on a provision of the Act, which at that time provided, in pertinent part, “In this act, unless the context otherwise requires ... the words ‘injuries sustained in extrahazardous occupations or pursuit,’ as used in this act shall include death resulting from injury.” Id. (emphasis added). Our Supreme Court held that under its plain meaning, the one-year statute of limitation was to be computed from the date of the physical injury which resulted in the death. As to the plaintiffs argument that the quoted statutory definition of “injury” was broader, our Supreme Court concluded that, as recognized in the statute, the context “otherwise required” a different definition of injury. Id. at 378, 60 P.2d at 358. We follow the same reasoning in this case with a view to interpreting the Act to give effect to all the provisions of the statute and to avoid an absurd result. See Mathieson v. Hubler, 92 N.M. 381, 394, 588 P.2d 1056, 1069 (Ct.App.1978) (stating that courts are to “give effect to all of the provisions of a statute” and “reconcile different provisions so as to make them consistent and harmonious”); Ortiz, 2010-NMSC-021, ¶ 18, 148 N.M. 405, 237 P.3d 707 (adhering to the principle that if giving effect to the language of a statute as written is absurd or unreasonable, the court is to interpret the statute according to its obvious spirit or reason). {14} This case provides a “context” which “otherwise requires” an alternative to the literal language of Section 52-1-19. DOT’s obligations and duties as the owner and operator of the commuter parking lot are completely separate and distinct from DPS’s status as Plaintiffs employer. As established by the pleadings, DOT held itself open to the public and had a duty to make a reasonable inspection of the premises and warn visitors, including Plaintiff, of any dangerous conditions. At the same time, the commuter lot was not provided exclusively for State employees, and Plaintiffs use of the parking lot was totally unrelated to her duties with DPS. In this sense, Plaintiffs status as a DPS employee is completely separate and distinct from her status as a commuter using public transportation. See Tatrai v. Presbyterian Univ. Hosp., 497 Pa. 247, 439 A.2d 1162, 1166 (1982) (holding that an employee who alleged negligence against her hospital .employer for emergency room treatment was not precluded by the workers’ compensation statute because she was treated as a paying member of the public and her presence in the emergency room was not in the furtherance of her employer’s interests); Ruiz v. Chase Manhattan Bank, 155 Misc.2d 454, 588 N.Y.S.2d 251, 253 (NY.Civ.Ct.1992) (holding that the plaintiffs claim against the employer’s pharmacy was not precluded by the workers’ compensation statute when the public also shopped at the pharmacy and the employer did not offer special benefits to employees for its use), aff'd, 211 A.D.2d 539, 621 N.Y.S.2d 345 (N.Y.App.Div.1995). {15} Under DOT’s argument, the State is required to provide workers’ compensation coverage for all commuters who are injured by the negligence of the State while traveling on State roads who also happen to work for the State. In addition, workers’ compensation would be the sole remedy of a municipal employee who is traveling to work on municipal transit and is injured due to the alleged negligence of a municipal employee. Given the strong policy against coverage for ordinary commuters, and the circumstances of this case, we hold that the context otherwise requires a limited application of the statutory going and coming rule set forth in Section 52-1-19. Singhas and Espinosa Do Not Compel a Different Result {16} DOT asserts that combining the result in Singhas v. New Mexico State Highway Department, 1997-NMSC-054, 124 N.M. 42, 946 P.2d 645, and Espinosa, 1997-NMCA-072, 123 N.M. 605, 943 P.2d 1058, requires us to affirm. We disagree. {17} In Singhas, the issue was whether the State Highway Department is an entity separate from the State Public Defender’s Department. 1997-NMSC-054, ¶¶ 1, 4, 124 N.M. 42, 946 P.2d 645. The workers were employed by the State Public Defender’s Department and traveling to a work-related conference, when they were involved in a car accident, which killed one worker and injured another. Id. ¶ 1. The workers received workers’ compensation benefits from the State and filed a separate negligence action against the Highway Department alleging negligence in failing to properly stripe and place signs along the highway. Id. ¶¶ 2-3, 8. The district court found that the Highway Department could not shelter itself from the Act’s exclusive remedy because it was a “separate legal entity” from the Public Defender’s Department. Id. ¶¶ 1, 4. We reversed on the basis that the workers’ employer was not the Public Defender’s Department as a separate entity, but the State of New Mexico. Id. Our Supreme Court agreed and further held that the claim against the Highway Department was barred by the Act because the workers were already receiving workers’ compensation benefits under the Act. Id. ¶ 8. Importantly, the workers in Singhas were in the course and scope of their employment at the time of the accident. See Singhas v. N.M. State Highway Dep’t., 120 N.M. 474, 476, 902 P.2d 1077, 1079 (Ct.App.1995) (“It is undisputed that Singhas was injured, and the decedent was killed, during the course of their employment with the Public Defender.”), aff'd, Singhas, 1997-NMSC-054, ¶ 1, 124 N.M. 42, 946 P.2d 645. The workers both recovered benefits under the Act from the Public Defender’s Department and sued the Highway Department for negligence. Plaintiffs case is significantly distinct because she was not injured in the course and scope of her employment with DPS; her injuries occurred while she was in the course of traveling as a member of the public to assume the duties of her employment. The sole nexus between the negligent actor, DOT, and her employer, DPS, is their joint status as agencies of the State. As discussed above, DOT’s status as the owner and operator of the parking lot and its obligations to Plaintiff as a member of the public bear no relation to Plaintiffs status as an employee of DPS. {18} Unlike Singhas, which considered who the employer was, Espinosa considered where the injury took place in relation to the place of employment. Espinosa, 1997-NMCA-072, ¶¶ 1-2, 123 N.M. 605, 943 P.2d 1058. In Espinosa, the worker was walking in a crosswalk to begin his shift some thirty minutes later when he was struck by a vehicle owned by his employer, which was negligently driven by a co-worker who was returning to the work place after a “mail run.” Id. The accident occurred some two miles from the employer’s premises. Id. On appeal, we acknowledged the “peculiarity” of our statutory going and coming rule, which bases coverage on the employer’s negligence instead of whether the accident occurred on the employer’s premises. Id. ¶ 9. After reviewing our State’s case law, we adopted the concurring opinion in Cuellar v. American Employers’ Insurance Co., 36 N.M. 141, 144-47, 9 P.2d 685, 688 (1932) (Watson, J., concurring in result), which “would make the [Act] a worker’s exclusive remedy in any going-and-coming situation, regardless of time, place or circumstances, as long as the injury was caused by the employer’s negligence.” Espinosa, 1997-NMCA-072, ¶ 12, 123 N.M. 605, 943 P.2d 1058; see Cuellar, 36 N.M. at 144-47, 9 P.2d at 688. We held that prior case law compelled the conclusion that “injuries sustained while going to or from work may be brought within the statutory definition of ‘course of employment’ by showing that these injuries were caused by the employer’s negligence, even when the injuries occurred off-premises.” Espinosa, 1997-NMCA-072, ¶ 13, 123 N.M. 605, 943 P.2d 1058 (internal quotation marks and citation omitted). The issue in the case before us is not whether off-premises injuries can fall under the Act; the issue is whether the event giving rise to Plaintiffs injuries constitutes an “injury by accident arising out of and in the course of employment” under Section 52-1-19. Insofar as Espinosa might otherwise shed light on the question before us, it is of no value because Espinosa does not consider the limiting phrase “unless the context otherwise requires” of Section 52-1-19. {19} Singhas and Espinosa do not individually control this case, and we decline to combine Singhas and Espinosa to create exclusive coverage under the Act. Neither case addresses Plaintiffs factual situation — a State employee who is injured while commuting via public transportation to her job with a State agency due to the alleged negligence of another separate State agency in its capacity as the owner and operator of the premises where the injury occurred. We hold that the provision of a temporary commuter parking lot in the context of this case is not incidental to Plaintiffs work and would result in a an unreasonable application of Section 52-1-19. CONCLUSION {20} We reverse the district court order granting DOT’s motion to dismiss and remand for further proceedings consistent with this opinion. {21} IT IS SO ORDERED. I CONCUR: LINDA M. VANZI, Judge.