KENNEDY, Judge (dissenting). {22} Plaintiff is an employee of one agency of the state who alleges that she was injured because of the negligence of another state agency. She advanced two arguments in this case: first, that the going and coming rule removes her claim from workers’ compensation because she was not acting within the course and scope of her employment at the time she was injured; and second, that the State waived its argument regarding the Act’s exclusivity because it was not included in its answer. Section 52-1-19 clearly states that employees going and coming to work who are injured by the negligence of their employer are subject to the exclusive remedy of the Act. Case law also clearly interprets this section of the Act to place Plaintiff squarely in the employ of the State and her claim within the exclusive remedy afforded by the Act. This is due both to her employer’s negligence and the injury occurring on her employer’s premises. Since Workers’ Compensation is a legislative creation assuring employers a limited exposure to the “unpredictable damages available outside its boundaries,” so long as the injury was accidental, Delgado v. Phelps Dodge Chino, Inc., 2001-NMSC-034, ¶ 12, 131 N.M. 272, 34 P.3d 1148, allowing an employee to sue in tort is serious business. Plaintiff did not disclose until her deposition that she was a state employee going to work when she was injured. Where and how she was injured place her squarely within the Act’s purview. The district court was correct in so ruling. {23} The majority opinion, however, grafts a “contextual” appendage onto the Act to allow any “mere commuter” injured by their employer’s negligence while on the way to work, including on their employer’s premises, to sue their employer in tort. Under Singhas and Espinosa, Plaintiff was both injured and employed by the state. Thus, the law is clear that Plaintiffs injury occurred within the course and scope of her employment, and as a result, the Act constitutes her exclusive remedy. Delgado, 2001-NMSC-034, ¶ 12, 131 N.M. 272, 34 P.3d 1148. Because I believe the Act’s clear language, supported by well-established case law, answers Plaintiffs appeal, I respectfully dissent from the majority’s creation of a “contextual” commuter exception to the “literal language of Section 52-1-19.” Majority Opinion ¶ 14. Such an exception amounts to a rewriting of the Act and is more properly left to our Legislature. BECAUSE SHE WAS BOTH EMPLOYED AND ALLEGEDLY INJURED BY THE STATE, PLAINTIFF CANNOT AVOID THE FACT THAT THE ACT CONSTITUTES HER EXCLUSIVE REMEDY The Going and Coming Rule Does Not Apply to Injuries Caused by Employer Negligence {24} Section 52-1-19 states, “injury by accident arising out of and in the course of employment ... shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer’s negligence.” (Emphasis added.). Working through the double negative leads to a conclusion that compensation is provided in going and coming situations where there is an injury to a worker, the proximate cause of which is the employer’s negligence. “If [the] plaintiff was on his way to assume the duties of his employment and since [the] plaintiff claims [the] defendant was negligent, [Section] 52-1-19 and the cases construing that section would cause the ... Act to apply.” Galles Chevrolet Co., 92 N.M. at 620, 593 P.2d at 61; see Mountain States Tel. & Tel. Co. v. Montoya, 91 N.M. 788, 790, 581 P.2d 1283, 1285 (1978). We held in 1983 that there was a significant difference between the common law going and coming rule and Section 52-1-19, Beckham v. Estate of Brown, 100 N.M. 1, 6, 664 P.2d 1014, 1019 (Ct.App.1983), and have since reiterated the premise that employer negligence constitutes an exception within the statute to the application of the going and coming rule. Barton v. Las Cositas, 102 N.M. 312, 315, 694 P.2d 1377, 1380 (Ct.App.1984). We recognized employer negligence as an exception to the going and coming rule most recently in Flores, speaking of the “possibility of compensation if the employer were negligent” in the context of exceptions to the going and coming rule, 2008-NMCA-123, ¶ 12, 144 N.M. 782, 192 P.3d 777. The majority’s observation that “DOT does not argue that Plaintiffs claim falls within one of the recognized exceptions” but rather “within the scope of Section 52-1-19” emphasizes only the statutory exception. Majority Opinion ¶ 11. Irrespective of whether employer negligence is an “exception,” however, there is no mistaking the statute’s intent: “a worker’s injury which occurs while going to or coming from work falls within the course of employment solely because it was caused by his or her employer’s negligence.” Espinosa, 1997-NMCA-072, ¶ 12, 123 N.M. 605, 943 P.2d 1058 (internal quotation marks omitted). Employer negligence is fairly pled by DOT and therefore operates to foreclose application of the going and coming rule in this case. Plaintiffs Course and Scope Argument Does Not Negate Her Status as an Employee of the State {25} Plaintiffs complaint did not allege any facts suggesting that she was an employee of the State, or that she was traveling to work. She did allege that her injury was caused in part by the negligence of the State. Her brief, however, states that it is undisputed that Plaintiff worked for the DPS in Santa Fe, and that she was .injured in the DOT’S parking lot while walking to catch a “private commuter shuttle bus.” In her reply brief, she reiterates her argument that she was not acting within the course and scope of her employment when she was injured, but that she “was simply walking through a state-operated parking lot in order to catch a privately-owned bus in order to commute to her job in Santa Fe.” She denies that she was injured during the course and scope of her employment with DPS and also specifically contends “that the parking lot where she suffered her injuries was not part of her employer’s premises.” {26} Nevertheless, Plaintiff proves she appreciates the peril of the employer — negligence exception. In her reply brief, she accuses DOT of “attempting] to bootstrap [Plaintiffs] employer into the workers’ compensation arena by asserting that [Plaintiff], a state employee, was injured in a parking lot maintained by another state agency, her employer’s negligence was a proximate cause of [her] injury.” She attempts to do this by distinguishing Singhas, which clearly stands for the proposition that an injury received by an employee of one state agency caused by the negligence of another state agency, is covered by the Act because it is the state, not the individual agency, that is the worker’s employer. 1997-NMSC-054, ¶ 4, 124 N.M. 42, 946 P.2d 645. As the Supreme Court observed in that opinion, Section 52-1-3 of the Act establishes workers’ compensation coverage for “for all public employees, as defined in the Workers’ Compensation Act, of all [s]tate agencies regardless of the hazards of their employment” and defines “state” or “state agency” as “the State of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions.” Section 52-1-3(A), (D); Singhas, 1997-NMSC-054, ¶ 4, 124 N.M. 42, 946 P.2d 645. It is as true today as it was then that the “[Ljegislature has not attempted to distinguish the various state agencies and departments from the [s]tate itself.” Singhas, 1997-NMSC-054, ¶ 6, 124 N.M. 42, 946 P.2d 645 (internal quotation marks and citation omitted). Hence, until our Supreme Court or Legislature decides otherwise, Plaintiff is as much an employee of DOT as she is DPS for purposes of the Act. The Act’s Ultimate Policy Favors the Application of Workers’ Compensation as an Exclusive Remedy in this Case {27} “[T]he ... Act is the product of legislative balancing of the employer’s assumption of liability without fault with the compensation benefits to the employee.” Johnson Controls World Servs., Inc. v. Barnes, 115 N.M. 116, 118, 847 P.2d 761, 763 (Ct.App.1993), overruled on other grounds by Delgado, 2001-NMSC-034, ¶ 16, 131 N.M. 272, 34 P.3d 1148. When an employer is in compliance with the Act, its exclusivity provision results in a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding what ever for or on account of such personal injuries or death of such employee than as provided in the Workers’ Compensation Act. Singhas, 1997-NMSC-054, ¶ 4, 124 N.M. 42, 946 P.2d 645. {28} By basing the exception on employer negligence while the employee is going to or coming from work, the statute recognizes a direct connection between employer and employee constituting an injury in the course and scope of employment. Therefore, the exclusive remedy provided by the Act covers any injury caused by employer’s negligence arising from employer/employee relationship when the employee is going to or coming from work. Considering the requirement that both the risk of injury and the proximate cause of that injury both arise from the employment, it seems appropriate to include injuries received by an employee going to work whose injury is caused by an employer’s negligence within the Act’s exclusive remedy. See Flores, 2008-NMCA-123, ¶ 22, 144 N.M. 782, 192 P.3d 777. If the Act is a mechanism that limits an employer’s liability in exchange for granting accelerated compensation to workers, then subjecting claims of employer negligence to the exclusivity of the Act makes sense — the remedy depends upon the employment relationship, and the benefits of the Act accrue to both parties. Johnson Controls World Servs., Inc., 115 N.M. at 118, 847 P.2d at 763. Conversely, allowing includes any employee going to work who is injured because of employer negligence to sue in tort because they are a “commuter” clearly upends this relationship, creating a false status based on the character of the going and coming that defeats the clear language and intent of the Act. WHAT IS A “CONTEXT” THAT MIGHT REQUIRE OTHERWISE? {29} New Mexico’s going and coming rule appears to contain an exception to an exception, including within the Act injuries caused by employer negligence “unless the context otherwise requiresSection 52-1-19. We cannot proceed to evaluate this phrase by immediately eschewing a “literal definition of ‘injury by accident arising out of and in the course of employment.’ ” Majority Opinion ¶ 13. To do so manufactures an exception to a well-established rule for “mere commuters.” The statute clearly includes injuries from employer negligence or injuries occurring on an employer’s premises, regardless of negligence or “context.” Thus, the clear rule enunciated in both Singhas and Espinosa remains unaddressed, as the opinion constructs a suitable “context” to provide a result. {30} The majority’s “context” discussion begins with an analysis of Vukovich, because only that case has yet discussed “context otherwise requires” language in the Act. In that opinion, the Supreme Court rejected a worker’s claim that his death occurring ten months after his injury in a mine accident constituted a separate injury necessary to set in motion the Act’s statute of limitations period. The Supreme Court held that the “context otherwise requires” language in the definition of injury required it to hold that the statute of limitations did not include death as a separate injury unto itself, even though death did not ensue from the plaintiffs injury for ten months. The Court concisely stated the normative value that was argued: It is urged that to declare the statute as having this meaning may result in great hardship in particular cases, as where the employee dies so short a time prior to expiration of a year from date of the injury as to render it physically impossible to prepare and file the claim within the year limited; that since the statute makes compensable all actionable deaths within one year of the injury proximately causing same (1929 Comp. § 156-116), it could not have been intended to create the right and as to certain cases leave the dependents remediless. Vukovich, 40 N.M. at 378, 60 P.2d at 358. However, the Court held that the context “otherwise require[d]” divorcing the original “injury” as the triggering event clearly expressed in the statute from the later “death resulting from injury.” Id. at 376, 60 P.2d at 357. “Courts cannot read into an act something that is not within the manifest intention of the Legislature, as gathered from the statute itself. To do so would be to legislate, and not to interpret. There is no ambiguity in this statute, and it neither requires nor admits of construction.” Id. at 379, 60 P.2d at 359. {31} The majority opinion fails to heed Vukovich’s message of judicial restraint, holding that DOT’s obligations and duties as owners and operators of a parking lot are “distinct from DPS’s status as Plaintiffs employer.” Majority Opinion ¶ 14. In this case, DOT’s alleged negligence in a location remote to the employee’s actual workplace is no different than the highway department’s negligence in Singhas failing to stripe and sign a public highway. In both instances, the state’s negligence contributed to the state employee’s injury. Singhas, 1997-NMSC-054, ¶ 4, 124 N.M. 42, 946 P.2d 645 (holding that the exclusivity provision of the Act bars all tort claims by employees of one state agency where the tortfeasor is another state agency). Holding that Plaintiff was no more than a “commuter using public transportation,” Majority Opinion ¶ 14, is unavailing, as the mode of transport is immaterial to how an employee travels in the scope of her employment. Section 52-1-19 designates the Act as the exclusive remedy for all injuries received as a result of employer negligence when the employee is going to and coming from work “regardless of time, place or circumstances.” Espinosa, 1997-NMCA-072, ¶ 12, 123 N.M. 605, 943 P.2d 1058. Singhas and Espinosa are clear that if there is a connection to the employment, the exclusive remedy applies. Commuters not employed by the state can sue DOT in tort, but they may not seek workers’ compensation. Commuters injured by an employer’s negligence on the way to work are subject to the Act’s exclusive remedy. {32} Similarly, the majority opinion misreads the holding in Singhas, by stating that Plaintiffs in that case were barred “because the[y] were already receiving ... benefits.” Majority Opinion ¶ 17. This is incorrect. Plaintiffs’ receipt of benefits was mentioned in the context of their dual persona claim. Singhas, 1997-NMSC-054, ¶¶ 7-8, 124 N.M. 42, 946 P.2d 645. Receipt of benefits does not change in the least the status of the state as both employer and tortfeasor, nor does it change how Section 52-1-19 operates. Our Legislature has chosen to include within the Act negligent injuries caused by an employer while the employee is going and coming. This Court has endorsed that policy by incorporating employer negligence into the very definition of conduct within the employment relationship. Espinosa, 1997-NMCA-072, ¶ 12, 123 N.M. 605, 943 P.2d 1058. {33} The State terminated Plaintiffs employment because it considered her injury “non work-related.” Despite the broad “contextual” change wrought here, Plaintiff asked us to hold only that her injury falls outside the Act because she was not in the course and scope of her employment when it occurred. She attempts to distinguish Espinosa in her reply brief only to say that “there are no facts showing that [her] employer was negligent with respect to the unmarked construction hole in the Albuquerque parking lot.” This is also the argument accusing DOT of trying to “bootstrap” employment status from DPS. Clearly Plaintiff is mistaken, as the discussion above regarding Singhas clearly shows. However, DOT’s negligence in maintaining the parking lot, together with their being an integral part of the entity that is Plaintiffs employer, directs attention to the majority’s discussion of the place of injury. Owing to Espinosa, the place of injury brings Plaintiffs injury squarely within the scope of her employment. The Place of Injury May Constitute a Separate “Context” or Basis upon Which to Invoke Exclusivity {34} Since the State employed Plaintiff, DOT’s negligence caused an injury to Plaintiff on her way to work, the elements of Section 52-1-19 are satisfied. I therefore disagree with the majority’s rejection of Espinosa in this case. They dismiss it for not addressing the “context” language. Paradoxically, Espinosa may actually shed light on “context” by discussing how premises ownership has come to almost eclipse employer negligence to play an important role in the analysis of whether an employee’s injury is work related. Espinosa’s discussion of the “peculiarity” of New Mexico law, through Cuellar, suggests that the “other context” language might reflect New Mexico’s “peculiar” position against the common law, which did not recognize an injury on an employer’s premises to be within the course and scope of employment absent employer negligence. Espinosa, 1997-NMCA-072, ¶¶ 8-10, 123 N.M. 605, 943 P.2d 1058. Cuellar recognized New Mexico’s departure from the norm by excluding injuries on an employer’s premises, yet allowed compensation for injuries caused by employer negligence. That opinion nevertheless tried to limit the application of employer negligence to only events “connected with the employment of the deceased in point of time, space, and circumstance.” Cuellar, 36 N.M. at 146, 9 P.2d at 688. Espinosa pointed out that in the intervening sixty-five years, our courts have expanded the application of employer negligence as the “sole[ ]” basis for compensation, regardless of time, place or circumstances. 1997-NMCA-072, ¶ 12, 123 N.M. 605, 943 P.2d 1058. {35} A course left uncharted by the majority concerns the line of cases that Espinosa arguably recognizes as “the other context” of Section 52-1-19; Espinosa’s holding expands the rule allowing a worker’s recovery under the Act based on an injury occurring on the employer’s premises as being specifically within the course and scope of employment. See Dupper, 105 N.M. at 506-07, 734 P.2d at 746-47; Lovato v. Maxim’s Beauty Salon, 109 N.M. 138, 141, 782 P.2d 391, 394 (Ct.App.1989). Although time, place, and circumstances had not been part of the statute since the 1930’s, as a result of Cuellar, they nevertheless came to affect compensation. Hence, those considerations became another “context,” although one that was ultimately rejected when the Supreme Court quashed certiorari in Espinosa. The State Employed Plaintiff and Maintained the Parking Lot in Which She Was Injured {36} Given the nature of New Mexico’s Park and Ride and the extent to which it was utilized by state employees, Dupper's statement “that the course of employment includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the employer’s premises while passing to or from the place where the work is actually done” also negates the Plaintiffs position. 105 N.M. at 506, 734 P.2d at 746 (internal quotation marks and citation omitted). Subsequently our opinion in Espinosa clarified the principle that the distance between the employer-owned location of injury and place where the employee actually performs his work is of no legal consequence. 1997-NMCA-072, ¶¶ 11-12, 123 N.M. 605, 943 P.2d 1058. {37} Singhas held that DOT’s negligence for road defects fell under the exclusive remedy of the Act, when they may injure a state employee. So too must this ease, as defects in DOT property held out for public use are functionally identical to any defects found on public roadways. If such a result produces unintended consequences given the state’s recent foray into the enterprise of rapid transit, rewriting the Act to exempt commuters who are state employees from the Act’s exclusivity is certainly not the proper course for courts. Singhas already requires all state employees injured in the course of their work by state negligence on its highways to be subject to the Act. If, for example, it makes bad policy to designate workers’ compensation as the exclusive remedy for all state employees injured on the Rail Runner or at its stations by state negligence, such a policy must be abolished by the Legislature, not the courts. They may consider it to be just as bad a policy to allow all state employees injured on the Rail Runner to seek their remedy in tort. It is simply not our role to reorder the delicately balanced relationships in this way. The Majority Opinion Improperly Creates a “Mere Commuter” Exception to Section 52-1-19 {38} This Court should restrain itself to the arguments of counsel on appeal. Reviewing the case de novo, we should not create a remedy based on arguments not presented (a new “context”). Plaintiffs pleadings below studiously avoided ever mentioning that she was an employee going to work; yet, it is obviously so. Nowhere does Plaintiff request review of the statutory language by which the opinion grants license to the status of a mere commuter, a “context” allowing sixty years of this statute’s use to be abrogated. Assuming the truth of Plaintiffs allegations, her injuries are certainly painful, debilitating, and ongoing. Under the current system, she may be left without a remedy because she never sought one under the Act’s exclusive remedy. Our Supreme Court recognized in Vukovich, that denying a claim for a worker’s death can wreak a hardship. Yet, the Court observed, “the fact that hardship may result can furnish no warrant for the courts to supply what the Legislature has omitted or to omit what it has inserted.” 40 N.M. at 379, 60 P.2d at 359. Plaintiffs claim is functionally no different from what was considered in Singhas. Section 52-1-19’s exception to the going and coming rule for employer negligence, leaves no way around the consequence that Plaintiff being a state employee, on state property, allegedly injured by state negligence. The breadth and number of employees implicated by this case’s policy considerations does not change the law or the relationship between Plaintiff and her employer. The fact that her tort claim is barred by the Act’s exclusivity provision is a predictable result based on precedent of long standing. THE OPINION SHOULD AFFIRM THE DISTRICT COURT’S REJECTION OF DOT’S ALLEGED WAIVER OF JURISDICTION {39} I believe tying up a loose end is beneficial with regard to Plaintiffs argument that the district court committed a procedural error in hearing DOT’s motion to dismiss. {40} Plaintiffs briefing specifically avers she never asserted she was injured by the negligence of her employer, on premises owned by her employer, or in the course and scope of her employment. She never filed a claim under the Act. Plaintiff argues that by not pleading the Act in its answer as an affirmative defense, DOT waived the issue and may not raise it by motion. DOT’s answer reserved the right to rely on any affirmative defense that might become known or available during discovery and amend its answer accordingly. {41} DOT argues that in the absence of any factual allegations in the complaint asserting an employment relationship and/or coming and going, it was not until the discovery process that the defense presented itself. DOT moved to amend its answer promptly. It also moved for dismissal at that time. Such a scenario is proper under the circumstances, and DOT should prevail on this issue. Montano v. House of Carpets Inc., 84 N.M. 129, 130, 500 P.2d 414, 415 (1972); Prot. & Advocacy Sys. v. City of Albuquerque, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1 (establishing a lack of jurisdiction under Rule 1-012(B)(1) NMRA based upon Plaintiffs affidavits).