(No. 12835.—Judgment reversed.)

THE CENTRAL LOCOMOTIVE AND CAR WORKS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (CHARLES LINDSTROM, Defendant in Error.)

*Opinion filed December 17, 1919.* ·

1. WORKMEN'S COMPENSATION—*the claim for compensation required by section 24 of the Compensation act is jurisdictional.* The claim for compensation required by section 24 of the Compensation act to be made within six months is jurisdictional of a proceeding for compensation under the act.

2. SAME—*when claim for medical services will not support proceeding for compensation.* A claim for medical services for an injury is a claim for compensation, but where such claim has been acceded to and the payments for medical services have ceased it will not support a proceeding for compensation more than two years later, although the full effect of the injury was not apparent until that time.

3. SAME—*time when the claim for compensation must be made.* The claim for compensation required by section 24 of the Compensation act must be made within six months after the date of the injury or after payments by the employer have ceased, and the language of the statute does not permit extending the time to await the development of the injury.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

RALPH F. POTTER, and KENNETH B. HAWKINS, for plaintiff in error.

JOHN E. ERICKSON, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county having quashed a writ of *certiorari* and affirmed an award of the Industrial Commission against the Central Locomotive and Car Works in favor of Charles Lindstrom for $1080 for the total loss of the sight of his right eye from an injury suffered while

he was in the employ of the Central Locomotive and Car Works, certified that the cause was one proper to be reviewed by this court, and the Central Locomotive and Car Works sued out a writ of error.

No question is made on the record except the alleged failure to make claim for compensation within the time required by the Workmen's Compensation act.

The injury was received on October 12, 1913. On the next day the defendant in error went to the paymaster, told him of the injury and asked for "a permit to go and see the doctor." He received the permit and went to the company doctor, Cord, who examined his eye, said "not for me," called the Central Locomotive and Car Works by telephone and sent Lindstrom to Dr. Gorrell with the permit. Lindstrom went to Dr. Gorrell, who examined the eye and thereafter treated it daily for eleven days, and then told Lindstrom he need not come any more and his eye would gradually become normal. The company paid for these treatments. Lindstrom returned to work the second day after the accident and continued to work for the company until November, 1917. He went to Dr. Gorrell again in the spring of 1915, at which time he testified that he could hardly see where to go with his left eye closed, and received three or four treatments from him. In the summer of 1915 he went to Northwestern Medical College for treatment, and on April 29, 1916, to Dr. Westcott. At this time he had a little use of his eye, but Dr. Westcott told him it would have to be taken out to save the other eye. In May or June, 1916, Lindstrom went to Bruce, the general manager of the plaintiff in error, and asked him if he was going to receive anything as indemnity for his eye. This was more than two years after the accident and after he had returned to work, and it was the first time he had made any claim for compensation, unless the request for a permit to call on the doctor is to be regarded as such a claim. His notice of disputed claim was filed with the Industrial Commission on

December 1, 1917, and his application for adjustment of claim on December 14, 1917.

Section 24 of the Workmen's Compensation act provides that "no proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made, within six months after such payments have ceased." The claim for compensation required by section 24 is jurisdictional. *Haiselden* v. *Industrial Board,* 275 Ill. 114; *Bushnell* v. *Industrial Board,* 276 id. 262.

It is argued by defendant in error that claim for compensation was made on October 13, 1913, when he asked for a permit to visit the company doctor; that the claim to the doctor's services was a claim for compensation. Section 8 of the act provides: "The amount of compensation which shall be paid to the employee for an injury not resulting in death shall be: (a) The employer shall provide necessary first aid, medical, surgical and hospital services; also medical, surgical and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200. The employee may elect to secure his own physician, surgeon, or hospital services at his own expense." The legislature in using the word "compensation" made no distinction between medical services and money payments. When the defendant in error made claim for medical services he made claim for compensation, and when medical services were rendered at the employer's expense payments were made under the provisions of the act. The defendant in error's claim was acceded to when the services of the doctor were rendered, and no claim for any other compensation was made within six months after the accident or within six months after the services of the doctor ceased, as required by section 24 where payments have been made under the provisions of the act.

The defendant in error contends that it was impossible for him to make any more specific and definite claim for the loss of the sight of his eye than he did make, before he knew or had reason to believe that the sight would be lost; that the law does not require an impossible thing· to be done; that in a case where the injury at first appears slight but afterward develops graver symptoms the injury results when the diseased condition culminates, and that a claim made as soon as the loss of the eye was definitely ascertained was within the provisions of the act. Cases have been cited from Massachusetts and Nebraska holding that the time within which notice must be given or claim made runs from the culmination of the injury and not from the physical accident which caused it. (*Brown's case,* 228 Mass. 31; *Johnasen* v. *Union Stock Yards Co.* 99 Neb. 328.) The statutes construed in those cases referred to the injury for determining the time of giving notice or making claim. On the other hand, the Supreme Court of Michigan, whose statute also provides for notice within a certain time after the happening of the injury, holds the time to run from date of the accident. (*Cooke* v. *Holland Furnace Co.* 200 Mich. 192; *Kalucki* v. *American Car and Foundry Co.* id. 605; *Dane* v. *Michigan United Traction Co.* id. 612.) The statute of this State refers to the accident as fixing the date from which the time shall run. Even if the injury may be regarded as occurring only after the effects of the accident have become apparent, we would not be justified, where the express language of the statute requires the claim to be made within six months after the accident, in extending the time to await the development of the injury. The legislature has seen fit to fix the time for making claim for compensation at six months after the accident. By another section of the statute provision is made for reviewing the award and for re-establishing, increasing, diminishing or ending the compensation if the disability of the employee shall have recurred, increased, diminished or ended. These

provisions are within the domain of legislative power and the court is without authority to modify them. If they operate unjustly the remedy is in the amendment of the law.

The judgment will be reversed and the record of the Industrial Commission will be quashed.

*Judgment reversed.*