## CHARLESTON.

Dewey Salyer *v.* Lee Ott, *State Compensation Commissioner*

(No. 6689)

Submitted January 8, 1930. Decided January 14, 1930.

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Chas. D. Smith,* for respondent.

HATCHER, JUDGE:

The Compensation Commissioner refused the petitioner compensation for an injury. Later, the petitioner tendered additional evidence and requested that the case be re-opened. The request was refused and the petitioner secured an appeal here.

The first application was filed October 31, 1928. The evidence thereon shows that the petitioner sprained his elbow on October 17, 1928, while at work for a subscriber to the Workmen's Compensation Fund. The day following he was examined by Dr. T. C. Smith, who found a lump on his elbow. After treating the elbow a few days for sprain, Dr. Smith sent the petitioner to the Hatfield-Lawson hospital for an X-ray examination. The X-ray disclosed that the elbow was ankylosed. Dr. Smith stated that the ankylosis was due "to a deposit on the bone," and gave his opinion that "it would be impossible" for a sprain to have produced the condition. Dr. L. W. Lawson was also of opinion that the injury of October 17th did not cause the ankylosis, stating: "I think the condition was of much longer standing and was an

arthritis due to some possible focus of infection elsewhere in the patient's body.'' Both Dr. Smith and Dr. Lawson say that no former injury was reported to them by the petitioner. The claim for disability was rejected by the Commissioner on February 13, 1929, on the ground (as stated by the Commissioner), ''Not shown that disability was the result of an injury as alleged.'' The petitioner was at once notified of this decision.

The request to re-open the case was made on November 7, 1929. It was accompanied by several affidavits showing that the petitioner sprained the same elbow in 1926 while working for the same employer, and the affidavit of Dr. J. J. Justice. This doctor examined the petitioner on November 1, 1929, and is of opinion, in the absence of other history, that the sprains of 1926 and 1928 caused the ankylosis. The commissioner notified the petitioner's attorneys on November 9, 1929, that the case was closed. The petitioner complains here of both the rejection of his claim (on February 13, 1929), and the refusal to re-open his case (on November 9, 1929).

The decision rendered by the Commissioner on February 13, 1929, went ''to the basis of the claimant's rights'' and was therefore final by reason of Code, Chapter 15P, section 43. Under that section (as well as under the amendment thereto by the Acts of 1929) the petitioner was given ninety days in which to apply to this Court for an appeal from the final action of the Commissioner. The application here was not made within that time. Consequently, we cannot review that decision.

The petitioner contends that because Doctors Smith and Lawson did not take into consideration the injury of 1926, there is no conflict between their evidence and that of Dr. Justice, and that because of the opinion of the latter, the case should be re-opened. The opinions of Doctors Smith and Lawson are very positive that the sprain of 1928 did not cause the ankylosis. Their evidence shows that an ankylosed condition was in existence at the date of that sprain. If the sprain in 1926 caused that condition, the claimant lost his right to demand compensation therefor long prior to the filing of his claim in October, 1928, under Code, Chapter 15P, sec-

tion 39, which requires such a claim to be filed within six months from the date of an injury. Consequently, we see no abuse of discretion in the refusal of the Commissioner to re-open the case.

The petition is accordingly dismissed.

*Petition dismissed.*