60 P.(2d) 356

**VUKOVICH v. ST. LOUIS, ROCKY MOUNTAIN & PACIFIC CO.**

**No. 4186.**

Supreme Court of New Mexico.

Aug. 24, 1936.

Crampton & Robertson, of Raton, for appellant.

Fred J. Voorhees, of Raton, and H. A. Kiker, of Santa Fé, for appellee.

SADLER, Chief Justice.

The plaintiff (appellee), recovered compensation and attorney's fees in the district court of Colfax county under the Workmen's Compensation Law (Comp.St. 1929, § 156-101 et seq.) for the death of her husband in a mine accident. The defendant against whom said recovery was had seeks a review of the judgment by this appeal.

The husband, Ilija Vukovich, while employed by defendant as a coal miner, on July 27, 1931, suffered an injury from accident arising out of and in the course of his employment by the falling of rock in the mine. The major injury was a broken back. He was admittedly totally disabled by reason of the injury from the date thereof until his death on June 1, 1932, and was paid disability compensation throughout such period. The deceased left surviving him his widow, the plaintiff, and five children of whom the eldest was over eighteen years of age.

The claim or suit for compensation was not filed until April 1, 1933. While this was only ten months from the date of death, it was slightly more than twenty months after the injury claimed to have resulted in death.

Throughout the proceedings in the district court, the defendant urged at every opportunity the proposition that under our statute a claim for death compensation must be filed within one year after the injury, and that the claim in this case is therefore barred. An attempt heretofore has been made to have us determine this specific question. See State ex rel. St. Louis, Rocky Mountain & Pacific Company v. District Court, 38 N.M. 451, 34 P.(2d) 1098. There it was sought to obtain a permanent writ of prohibition on the theory that the one-year limitation was jurisdictional. After hearing, we denied the writ upon the ground that prohibition was not a proper remedy. We did not construe the limitation statute, although for the purposes of that decision we felt called upon to assume that a recovery of compensation could not be upheld because barred by the statute.

The defendant assigns six errors. The first being decisive, we shall consider it alone. It is that the claim for compensation is barred under 1929 Comp. § 156-116, because not filed within one year after the date of injury. The section relied upon as barring the claim reads as follows: "In event any injury from accident arising out of and in the course of the employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as

herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, and such claim shall be filed and answer made thereto and other procedure had as in cases filed by injured workman, *Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one year after the date of such injury."* (Italics ours.)

We have never before been called upon to construe the limitation provisions of our Workmen's Compensation Act in the respect now invoked. In Caton v. Gilliland Oil Co., 33 N.M. 227, 264 P. 946, 947, construing L.1917, c. 83, § 13 (carried forward as amended in 1929 as 1929 Comp. § 156-113), which provides the limitation applicable to claims for non-fatal injuries, we said: "If anything can be said to be made plain by this remarkably complicated section, it is this: An employer having knowledge of the injury, must, within 31 days after its occurrence, pay the first installment of compensation. If the employer fails or refuses so to do, the workman must, within 60 days thereafter, file his claim for compensation. If he does not, his claim, his right, and his remedy are forever barred." For other similar holdings, see Taylor v. American Employers' Ins. Co., 35 N.M. 544, 3 P.(2d) 76, and Maestas v. American Metal Co., 37 N.M. 203, 20 P.(2d) 924.

The meaning obviously suggested by the language of this section is that a claim by dependents on account of injury resulting in death is barred unless suit be filed within one year from date of such injury. The defendant relies upon the apparent as the real meaning and says there is no room for construction.

The plaintiff's argument is not without appeal. Succinctly stated it is this: The word "injury" may have two meanings. It can refer either to the physical injury or bodily hurt, or connote the legal injury suffered by those in whose favor a cause of action arises by reason of the compensable death of an employee. As here used in fixing the limitation at one year "from the date of such injury," it is said it must have been employed in the latter sense, for until that event no right of action exists in the dependents. Hence, the word "injury" where last used in this section means "death," or includes death, and, claim having been filed within one year after death, is timely.

Reliance is placed upon the statutory definition of the word "injury" or "injuries" carried in subsection (l) of section 156-112, reading, so far as material, as follows: "In this act, unless the context otherwise requires * * * (1) the words 'injuries sustained in extrahazardous occupations or pursuit,' as used in this act shall include death resulting from injury."

In suggesting that the phrase "injuries sustained in extrahazardous occupations or

pursuit" should be treated as the equivalent of the word "injury" for present purposes, counsel remind that in Cuellar v. American Employers' Ins. Co., 36 N.M. 141, 9 P. (2d) 685, we noted absence of the exact phrase elsewhere in the act. We so accept it.

In support of their argument plaintiff's counsel cite cases holding that by the word "injury," as used in the statutes of· certain states, is meant the state of facts which first entitles claimant to compensation. Acme Body Works v. Industrial Commission, 204 Wis. 493, 234 N.W. 756, opinion supplemented, 236 N.W. 378; Texas Employers' Ins. Ass'n v. Wonderley (Tex.Civ. App.) 16 S.W.(2d) 386; Fidelity Union Casualty Co. v. Koonce (Tex.Civ.App.) 51 S.W.(2d) 777; Astuto v. Ray Gould Co., 123 Neb. 138, 242 N.W. 375. See, also, 71 C.J. 965. These cases hold under the statutes construed that if the injury does not develop until after the accident, the cause of action arises when the injury· develops or becomes apparent and not necessarily at the time of the accident.

That the authorities are not uniform even in this holding is indicated by decisions from certain other jurisdictions. 71 C.J. 1018; Cooke v. Holland Furnace Co., 200 Mich. 192, 166 N.W. 1013, L.R.A. 1918E, 552; Lough v. State Industrial Accident Commission, 104 Or. 313, 207 P. 354; Graham v. J. W. Wells Brick Co., 150 Tenn. 660, 266 S.W. 770; Ferguson v. State Dept. of Labor, 168 Wash. 677, 13 P.(2d) 39; Salyer v. Ott, State Compensation Commissioner, 108 W.Va. 410, 151 S.

E. 323; Central Locomotive & Car Works v. Lindstrom, ·Industrial Comm., 290 Ill. 436, 125 N.E. 369. But we do not have this question before us and, aside from considering the analogy urged in connection with plaintiff's argument, it is enough at this time to note the divergence of view suggested by the conflicting decisions mentioned.

■ After carefully weighing the able argument presented by plaintiff's counsel, further reading and reconsideration of the controlling statute leaves us satisfied that the meaning impressed on the mind from a first reading is the true meaning intended by the Legislature in writing the statute. In other words, we conclude that the apparent and the real meaning are not different. An analysis of the language of section 156-116 leaves no doubt in our minds of the correctness of this conclusion. Paraphrased and omitting unessential parts, the statute reads: "In event any *injury* * * * should result in and be the proximate cause of his *death* * * * no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one year after the date of *such injury*." (Italics ours.)

The statute itself clearly differentiates between *injury* and *death*. The one must precede and be the responsible agency of the other in an unbroken chain of causation. The one is the cause; the other its effect. In words as clear and unambiguous as language is capable of, having thus discriminated between *injury* and *death,* as

between cause and effect, in making death compensable, the statute then proceeds to limit the time within which claim for said compensation must be filed. In this connection, it reads: "Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one year after the date of *such injury.*" (Italics ours.)

In using the words "such injury," the Legislature could only have referred to the physical injury theretofore mentioned as resulting in the death from which it is clearly and painstakingly dissociated in meaning. The grammatical construction, the syntax, the context, all point unerringly to the correctness of this conclusion. "Such injury"—what injury? No other antecedent for the words, "such injury," so readily suggests itself as the injury previously mentioned. That injury could not mean death, because it is spoken of as the cause of death.

In so holding we do not overlook the statutory declaration that the words "injuries sustained in extrahazardous occupations or pursuit," as used in the act and treated as the equivalent of the word "injury," shall "include death resulting from injury" unless the context otherwise requires. Here it plainly does "otherwise require"; indeed, leaves no alternative, unless we pervert the obvious significance of the words employed. The interpretative or defining clause in a statute should be employed only for the purpose of clarifying what is doubtful; not to take away a meaning that is patent. 59 C.J. 948.

The plaintiff's argument rests on an assumption that the Legislature did the unnatural thing of selecting two words to convey a meaning by connotation which one would have expressed plainly and without indirection. Had the Legislature intended to make the limitation one year from death, the substitution of the single word "death" for the two words "such injury" where the latter occur would indisputably have expressed that intent. It failed to do so, and we are powerless to make the substitution. Central Locomotive & Car Works v. Lindstrom, Industrial Commission, 290 Ill. 436, 125 N.E. 369; Chmielewska v. Butte & Superior Min. Co., 81 Mont. 36, 261 P. 616; Martini v. Kemmerer Coal Co., 38 Wyo. 172, 265 P. 707.

It is urged that to declare the statute as having this meaning may result in great hardship in particular cases, as where the employee dies so short a time prior to expiration of a year from date of the injury as to render it physically impossible to prepare and file the claim within the year limited; that since the statute makes compensable all actionable deaths within one year of the injury proximately causing same (1929 Comp. § 156-116), it could not have been intended to create the right and as to certain cases leave the dependents remediless.

It is true, as counsel suggest, that a case of individual hardship may arise upon which the statute will operate with peculiar harshness, as where death occurs within an hour or a day of the limitation period.

Although, as defendant's counsel suggest, the victims of such situation in reality suffer no greater misfortune than dependents of him who dies but shortly after expiration of one year from date of injury when admittedly compensation is not recoverable. Partusch v. Kaufman-Straus Co., 209 Ky. 345, 272 S.W. 884.

 Whether the Legislature actually considered this possibility and thought the case where it would arise likely to be so isolated as not to warrant provision for it we cannot know. This is not such a case, for here there remained to plaintiff after death of her husband approximately two months within which a timely filing of the claim might have been had. But the fact that hardship may result can furnish no warrant for the courts to supply what the Legislature has omitted or to omit what it has inserted. Martini v. Kemmerer Coal Co., supra; Chmielewska v. Butte & Superior Mining Co., supra. "What the Legislature intends is to be determined, primarily, by what it says in the act. It is only in cases of ambiguity that resort may be had to construction. Courts cannot read into an act something that is not within the manifest intention of the Legislature, as gathered from the statute itself. To do so would be to legislate, and not to interpret. There is no ambiguity in this statute, and it neither requires nor admits of construction." De Graftenreid v. Strong, 28 N.M. 91, 206 P. 694, 695. For other pronouncements of this court on the rule applicable in construing statutes where the meaning of the language used is plain, see

Harrison v. Harrison, 21 N.M. 372, 155 P. 356, L.R.A.1916E, 854, Atlantic Oil Producing Co. v. Crile, 34 N.M. 650, 287 P. 696.

An examination of F. Robertson Jones' Digest of Workmen's Compensation Laws in the United States and Territories (11th Ed.), revised to December 1, 1929, fails to disclose a statute of any sister state or territory containing the identical language of our limitation provision. Section 10 of this digest gives the corresponding provisions of the various workmen's compensation acts as to notice of injury and limitations. In Arizona claims must be filed within one year after injury or accrual of right. In California death claims must be filed within one year after death and 240 weeks after injury. In Michigan, within six months after injury or death, or last payment, if any. Nebraska, six months after injury or death. Iowa, two years from date of injury. Oregon, one year after injury. Washington, one year after injury or accrual of right. In the larger number of states the requirement is, as disclosed by the digest, that claim must be filed within a specified time after injury or death.

Counsel on neither side have cited, nor has our research disclosed, a single case exactly in point. The one nearest in point we have discovered is Dragicevic v. State Industrial Accident Commission, 112 Or. 569, 230 P. 354, 355. It was a death claim. The dependent father resided in Jugo-Slavia. Claim was filed more than one

year after date of the fatal injury. This was held to be too late. The court said:

"Moreover, in subdivision (d) of section 6632, O.L., the rule is thus laid down:

" 'No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the injury occurred, nor in fatal cases unless such claim is filed within one year after the date upon which the fatal injury occurred.'

"As stated, the death occurred October 1, 1917. No claim of any kind was filed until March 27, 1922, and the claim upon which the claimant relies as having been made by himself was not filed until November 14, 1922. More than one year having elapsed in both instances since the date of the accident, neither the Commission nor the court had any jurisdiction to entertain the claim.

"For both reasons the decision of the circuit court was wrong. It must be reversed, and the proceeding dismissed."

It follows from the foregoing that the judgment of the lower court must be reversed. The cause will be remanded, with directions to set aside the judgment heretofore rendered and enter judgment for the defendant.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.