## American Radiator & Standard Sanitary Corporation v. Hayden et al.

March 11, 1941.

S. L. Greenebaum and Selligman, Goldsmith, Everhart & Greenebaum for appellant.

Grover G. Sales and Stuart Sales for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

James Hayden, deceased husband of the appellee Mary Hayden, was an employee of the predecessor of the Standard Sanitary Manufacturing Company. Hayden and the Company were operating under the provisions of the Workmen's Compensation Act. Hayden developed silicosis and left the Company's employment on December 22, 1936. By agreement of the parties Hayden was paid the maximum compensation of $15 per week. He died of silicosis on June 3, 1938. Mrs. Hayden filed her claim for compensation May 31, 1939, within a year after her husband's death. The Referee denied her claim. When the case was taken before the full Board it ruled in favor of Mrs. Hayden.

It is the contention of the Company that the following language, which was added to Section 4914 of the Statutes in 1934, is a bar to Mrs. Hayden's claim:

"In cases of the disease of silicosis, caused by the

inhalation of silica dust, no application for compensation shall be considered unless made within one year after the last injurious exposure to silica dust.''

Hayden's last opportunity for exposure to silica dust was on December 22, 1936. If the position of appellant is well taken, Mrs. Hayden would have had to present her claim within one year after December 22, 1936, notwithstanding the fact that her husband was alive during that period and had reached an agreement with the appellant as to his compensation. The appellee contends that the aforementioned amendment to Section 4914 of the Statutes was not enacted for any such purpose. She points out that to so hold would have the effect of nullifying the provisions of Sections 4882 and 4893 of the Statutes, in so far as the claims for compensation of dependents of persons afflicted with the disease of silicosis are concerned.

Prior to 1934, considerable difficulty had been encountered in the handling of claims before the Compensation Board wherein the disease of silicosis was involved. In that year the legislature enacted amendments, relating to the disease of silicosis, to Sections 4880, 4882 and 4941, as well as 4914 of the Statutes. Chapter 89, Acts 1934. A review of these amendments in connection with the whole of the Workmen's Compensation Act leads us to the conclusion that the position of appellant is not well taken. We find no basis whatever for the contention that the legislature intended by the amendment to Section 4914 to treat dependents of persons being compensated for the disease of silicosis differently from dependents of any other person receiving compensation. The purpose of the amendment to Section 4914 is obvious, namely, the fixing of the time of the last injurious exposure to silica dust as the beginning of the period in which a claim for compensation must be made. We agree with the reasoning of the Workmen's Compensation Board, as set forth in its opinion in the following excerpt:

"But defendant contends death or disability benefits from silicosis removes it from the general provision of the Act and places it under a special provision. We agree that the Act makes it mandatory that the injured employee must make application

for compensation within one year after the last injurious exposure to silica dust, but we connot agree that a dependent must make application for compensation within one year after the last injurious exposure of the employee, and we do not believe the legislature intended to restrict the dependents of an employee who died from the effects of silicosis, to the same requirement as is imposed upon the employee. A dependent of a silicostic employee does not differ with a dependent of any other employee. We do not believe the legislature intended to repeal Section 12 of the Act (Kentucky Statutes, Section 4893); neither do we believe it repealed, nor intended to repeal, the first part of Section 33 of the Act (Kentucky Statutes, Section 4914), which reads as follows: 'No proceeding under this act for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident, or, in case of death, within one year after such death.'

"It is our contention the executed agreement hereinabove referred to suspended the running of limitation in so far as deceased was concerned, and no cause of action nor benefits accrued to the plaintiff (the sole dependent and widow) until after the death of her husband. And since her husband died as a result of the silica inhalation within two years from the date of the last exposure, and since plaintiff filed her claim within the year after such death, the Act, when construed as a whole, provides protection for her."

Mrs. Hayden would have had no claim for compensation unless her husband died within two years after the date of his last injurious exposure to silica dust, December 22, 1936. She could make no claim for compensation as long as he was drawing it, and when she made her claim within a year after her husband's death she made it in time. The appellant stresses the case of Vukovich v. St. Louis, Rocky Mountain & Pacific Company, 40 N. Mex. 374, 60 P. (2d) 356, but an examination of that case in the light of the sections of the New Mex-

ico Workmen's Compensation Act, which were under consideration, and the appellee's claim for compensation, in the light of the applicable provisions of the Kentucky Workmen's Compensation Act, convinces us that the cases are not as analogous as might appear at first blush. But, be that as it may, we are definitely of the opinion that the finding of the Board was correct.

Wherefore, we affirm the judgment approving the award of the Board.