**Certiorari Granted, August 31, 2010, No. 32,542**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-081**

**Filing  Date: July 8, 2010**

**Docket No. 28,875**

**SARAH QUINTERO,**

 **Plaintiff-Appellant,**

**v.**

**STATE OF NEW MEXICO DEPARTMENT
OF TRANSPORTATION and DOES 1 through
5, inclusive,**

 **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Branch Law Firm
Turner W. Branch
Frank Balderrama
Albuquerque, NM

for Appellant

Long, Pound & Komer, P.A.
Mark E. Komer
Santa Fe, NM

for Appellees

**OPINION**

**VIGIL, Judge.**

**{1}**     This case presents an issue of first impression: whether the Workers' Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2007), is the exclusive remedy for

1

a clerical worker, who was injured as a result of the alleged negligence of a State agency while in the course of commuting on public transportation to her job, because she happened to work for a separate State agency. We hold that the exclusivity provisions of the Act do not bar Plaintiff's negligence action. The district court having held otherwise, we reverse.

## BACKGROUND

**{2}** The material facts are undisputed. Plaintiff lives in Albuquerque and was an employee of the New Mexico Department of Public Safety (DPS) in Santa Fe. Her duties with DPS consisted of clerical work, fingerprinting members of the public, and filing documents. Her job did not require travel. Plaintiff commuted to her place of employment in Santa Fe via the "Park and Ride" during the entire two and one-half years she was employed with DPS.

**{3}** "Park and Ride" is a private bus service providing transportation to the public between Albuquerque and Santa Fe. Typically, riders boarded the "Park and Ride" at Balloon Fiesta Park in Albuquerque; however, a Department of Transportation (DOT) parking lot was temporarily used during the 2006 Balloon Fiesta. Before dawn on October 19, 2006, Plaintiff drove to and parked in the DOT parking lot for her daily commute. According to the complaint, while walking through the parking lot, Plaintiff was injured when she fell into an unlit hole that was neither clearly marked, barricaded, nor cordoned off. As a result, she received a compound fracture to her leg. DPS eventually terminated Plaintiff's employment because her injuries were deemed non-work related.

**{4}** Plaintiff filed a complaint against DOT alleging premises negligence. In its answer, DOT acknowledged that it held itself open to the public and had a duty to make a reasonable inspection of the premises and warn visitors, including Plaintiff, of any dangerous conditions. In addition, DOT admitted that it owed a duty to Plaintiff as a visitor to exercise ordinary care to keep the premises safe.

**{5}** DOT filed a motion to dismiss on the basis that the district court lacked subject matter jurisdiction of Plaintiff's tort claims. It asserted that because Plaintiff was a State employee seeking damages from the State arising out of the alleged negligence of the State while going to or coming from work, Plaintiff's exclusive remedy is a workers' compensation claim under the Act. The district court agreed and granted DOT's motion. Plaintiff appeals.

## DISCUSSION

**{6}** Section 52-1-6(E) reads in part:

> No cause of action outside the Workers' Compensation Act shall be brought by an employee or dependent against the employer or his representative, including the insurer, guarantor or surety of any employer, for any matter relating to the occurrence of or payment for any injury or death covered by the Workers' Compensation Act.

Under this section, if the Act provides benefits for a work-related injury, an employee is precluded from pursuing a negligence action against her employer. *See Galles Chevrolet Co. v. Chaney*, 92 N.M. 618, 620, 593 P.2d 59, 61 (1979) ("If the Workmen's Compensation Act applies, the employee's negligence action, if any, is precluded."). Thus, the question before us is whether the Act applies to Plaintiff's claim and therefore precludes her claim of premises negligence against DOT.

{7}     Our review of a district court order granting a motion to dismiss for lack of subject matter jurisdiction is de novo. *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668. Interpretation of the Act is a question of law which we also review de novo. *Ortiz v. Overland Express*, 2010-NMSC-021, ¶ 18, ___ N.M. ___, ___ P.3d ___ ("[W]e review issues concerning legislative intent de novo."); *Espinosa v. Albuquerque Publ'g Co.*, 1997-NMCA-072, ¶ 7, 123 N.M. 605, 943 P.2d 1058 (stating that we are not required to defer to the district court's interpretation of a statute because statutory interpretation is a question of law).

**The Act Does Not Provide Workers' Compensation Benefits to Ordinary Commuters**

{8}     A basic purpose of the Act is to compensate employees for injuries suffered in the course of their employment. *See Rivera v. N.M. Highway & Transp. Dep't*, 115 N.M. 562, 565, 855 P.2d 136, 139 (Ct. App. 1993). Accordingly, the Act defines compensable injuries as those "arising out of and in the course of employment." § 52-1-19.

{9}     Importantly, the Act excludes injuries suffered by employees during the ordinary commute to and from their employment. *See, e.g.*, *Flores v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 14, 144 N.M. 782, 192 P.3d 777; *Ramirez v. Dawson Prod. Partners, Inc.*, 2000-NMCA-011, ¶ 7, 128 N.M. 601, 995 P.2d 1043. This restriction, known as the "going and coming" rule, is codified at Section 52-1-19 in the following language:

> As used in the Workers' Compensation Act, unless the context otherwise requires, "injury by accident arising out of and in the course of employment" shall include accidental injuries to workers and death resulting from accidental injury as a result of their employment and while at work in any place where their employer's business requires their presence but shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which is not the employer's negligence.

{10}    The going and coming rule recognizes that the relationship between the worker and the employer is suspended between the time the worker leaves his place of employment, until he returns to work. *See Flores*, 2008-NMCA-123, ¶ 14 ("[T]he going and coming rule exists to make everyday commuting between home and the workplace the employee's business rather than the employer's."). Because a commuting worker is subject to the same perils faced by all ordinary commuters, injuries suffered as a result of travel to and from work are noncompensable under the Act absent special circumstances. *See* 1 Arthur Larson, *Larson's Workers' Compensation Law* §13.01[1], at 13-3 (2008) ("[I]t is generally taken for granted that workers' compensation was not intended to protect

3

against all the perils of [the worker's journey between home and factory].");  *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 9, 142 N.M. 583, 168 P.3d 155 ("'[A]n employee [en route] to, or returning from, his place of employment, using his own vehicle[,] is not within the scope of his employment absent additional circumstances evidencing control by the employer at the time of the negligent act or omission of the employee.'" (third alteration in original) (quoting *Nabors v. Harwood Homes, Inc.*, 77 N.M. 406, 408, 423 P.2d 602, 603 (1967))).  A principle reason for the rule is "the employee's means of transportation, as well as his route are entirely within his discretion, unfettered by any control or power of control on the part of the employer."  *Dombach v. Olkon Corp.*, 302 A.2d 270, 273 (Conn. 1972).

**{11}**    The going and coming rule is subject to several exceptions.  *See Dupper v. Liberty Mut. Ins. Co.*, 105 N.M. 503, 506, 734 P.2d 743, 746 (1987) (discussing employee premises exception); *Ramirez*, 2000-NMCA-011, ¶¶ 11-17 (discussing traveling employee exception); *Arias v. AAA Landscaping*, 115 N.M. 239, 240-41, 849 P.2d 382, 383-84 (Ct. App. 1993) (discussing the employer's conveyance exception, the special errand exception, and the dual purpose exception). DOT does not argue that Plaintiff's claim falls within one of the recognized exceptions; rather, DOT asserts that because Plaintiff alleges negligence on the part of DOT, her claim falls within the scope of Section 52-1-19.   We disagree.

**The Context of This Case Limits the Literal Application of Section 52-1-19**

**{12}**    The statutory expression of the going and coming rule in New Mexico bases coverage on whether the employer was negligent in causing the worker's injuries rather than on whether the accident occurred on the employer's premises.  Section 52-1-19 of the Act provides that "injury by accident arising out of and in the course of employment" for which compensation is required "shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, *the proximate cause of which is not the employer's negligence.*"  § 52-1-19 (emphasis added).  DOT argues that under the complaint, the State is both Plaintiff's employer (through DPS) and the alleged negligent owner and operator of the parking lot (through DOT).  Therefore, asserts DOT, the literal definition of "injury by accident arising out of and in the course of employment" of Section 52-1-19 applies, and Plaintiff's exclusive remedy is under and pursuant to the Act.  We disagree.

**{13}**    DOT's argument overlooks the exception in Section 52-1-19 that "injury by accident arising out of and in the course of employment" means what it describes "*unless the context otherwise requires*[.]"  (Emphasis added.)   The phrase "unless the context otherwise requires" explicitly acknowledges that certain factual situations do not fall within the literal language of Section 52-1-19.  For example, in *Vukovich v. St. Louis, Rocky Mountain & Pacific Co.*, 40 N.M. 374, 60 P.2d 356 (1936), the plaintiff filed a claim for workers' compensation death benefits ten months after the date of the worker's death, but over twenty months after the physical injury.  *Id.* at 375, 60 P.2d at 356.  The issue on appeal before our Supreme Court was whether the claim was barred by the statute that required the claim to be filed "within one year after the date of such injury."  *Id.* at 375-76, 60 P.2d at 357 (emphasis omitted).  The plaintiff contended that the word "injury" could have two meanings:  the physical injury or bodily hurt; or the legal injury giving rise to the cause of action

resulting from the death. *Id.* at 376, 60 P.2d at 357. The plaintiff further relied on a provision of the Act, which at that time provided, in pertinent part, "In this act, *unless the context otherwise requires . . .* the words 'injuries sustained in extrahazardous occupations or pursuit,' as used in this act shall include death resulting from injury." *Id.* (emphasis added). Our Supreme Court held that under its plain meaning, the one-year statute of limitation was to be computed from the date of the physical injury which resulted in the death. As to the plaintiff's argument that the quoted statutory definition of "injury" was broader, our Supreme Court concluded that, as recognized in the statute, the context "otherwise required" a different definition of injury. *Id.* at 378, 60 P.2d at 358. We follow the same reasoning in this case with a view to interpreting the Act to give effect to all the provisions of the statute and to avoid an absurd result. *See Mathieson v. Hubler*, 92 N.M. 381, 394, 588 P.2d 1056, 1069 (Ct. App. 1978) (stating that courts are to "give effect to all of the provisions of a statute" and "reconcile different provisions so as to make them consistent and harmonious"); *Ortiz*, 2010-NMSC-021, ¶ 18 (adhering to the principle that if giving effect to the language of a statute as written is absurd or unreasonable, the court is to interpret the statute according to its obvious spirit or reason).

**{14}** This case provides a "context" which "otherwise requires" an alternative to the literal language of Section 52-1-19. DOT's obligations and duties as the owner and operator of the commuter parking lot are completely separate and distinct from DPS's status as Plaintiff's employer. As established by the pleadings, DOT held itself open to the public and had a duty to make a reasonable inspection of the premises and warn visitors, including Plaintiff, of any dangerous conditions. At the same time, the commuter lot was not provided exclusively for State employees, and Plaintiff's use of the parking lot was totally unrelated to her duties with DPS. In this sense, Plaintiff's status as a DPS employee is completely separate and distinct from her status as a commuter using public transportation. *See Tatrai v. Presbyterian Univ. Hosp.*, 439 A.2d 1162, 1166 (Pa. 1982) (holding that an employee who alleged negligence against her hospital employer for emergency room treatment was not precluded by the workers' compensation statute because she was treated as a paying member of the public and her presence in the emergency room was not in the furtherance of her employer's interests); *Ruiz v. Chase Manhattan Bank*, 588 N.Y.S.2d 251, 253 (N.Y. Civ. Ct. 1992) (holding that the plaintiff's claim against the employer's pharmacy was not precluded by the workers' compensation statute when the public also shopped at the pharmacy and the employer did not offer special benefits to employees for its use), *aff'd*, 621 N.Y.S.2d 345 (N.Y. App. Div. 1995).

**{15}** Under DOT's argument, the State is required to provide workers' compensation coverage for all commuters who are injured by the negligence of the State while traveling on State roads who also happen to work for the State. In addition, workers' compensation would be the sole remedy of a municipal employee who is traveling to work on municipal transit and is injured due to the alleged negligence of a municipal employee. Given the strong policy against coverage for ordinary commuters, and the circumstances of this case, we hold that the context otherwise requires a limited application of the statutory going and coming rule set forth in Section 52-1-19.

*Singhas* **and** *Espinosa* **Do Not Compel a Different Result**

**{16}** DOT asserts that combining the result in *Singhas v. New Mexico State Highway Department*, 1997-NMSC-054, 124 N.M. 42, 946 P.2d 645, and *Espinosa*, 1997-NMCA-072, requires us to affirm. We disagree.

**{17}** In *Singhas*, the issue was whether the State Highway Department is an entity separate from the State Public Defender's Department. 1997-NMSC-054, ¶¶ 1, 4. The workers were employed by the State Public Defender's Department and traveling to a work-related conference, when they were involved in a car accident, which killed one worker and injured another. *Id.* ¶ 1. The workers received workers' compensation benefits from the State and filed a separate negligence action against the Highway Department alleging negligence in failing to properly stripe and place signs along the highway. *Id.* ¶¶ 2-3, 8. The district court found that the Highway Department could not shelter itself from the Act's exclusive remedy because it was a "separate legal entity" from the Public Defender's Department. *Id.* ¶¶ 1, 4. We reversed on the basis that the workers' employer was not the Public Defender's Department as a separate entity, but the State of New Mexico. *Id.* Our Supreme Court agreed and further held that the claim against the Highway Department was barred by the Act because the workers were already receiving workers' compensation benefits under the Act. *Id.* ¶ 8. Importantly, the workers in *Singhas* were in the course and scope of their employment at the time of the accident. *See Singhas v. N.M. State Highway Dep't.*, 120 N.M. 474, 476, 902 P.2d 1077, 1079 (Ct. App. 1995) ("It is undisputed that Singhas was injured, and the decedent was killed, during the course of their employment with the Public Defender."), *aff'd*, *Singhas*, 1997-NMSC-054, ¶ 1. The workers both recovered benefits under the Act from the Public Defender's Department and sued the Highway Department for negligence. Plaintiff's case is significantly distinct because she was not injured in the course and scope of her employment with DPS; her injuries occurred while she was in the course of traveling as a member of the public to assume the duties of her employment. The sole nexus between the negligent actor, DOT, and her employer, DPS, is their joint status as agencies of the State. As discussed above, DOT's status as the owner and operator of the parking lot and its obligations to Plaintiff as a member of the public bear no relation to Plaintiff's status as an employee of DPS.

**{18}** Unlike *Singhas*, which considered *who* the employer was, *Espinosa* considered *where* the injury took place in relation to the place of employment. *Espinosa*, 1997-NMCA-072, ¶¶ 1-2. In *Espinosa*, the worker was walking in a crosswalk to begin his shift some thirty minutes later when he was struck by a vehicle owned by his employer, which was negligently driven by a co-worker who was returning to the work place after a "mail run." *Id.* The accident occurred some two miles from the employer's premises. *Id.* On appeal, we acknowledged the "peculiarity" of our statutory going and coming rule, which bases coverage on the employer's negligence instead of whether the accident occurred on the employer's premises. *Id.* ¶ 9. After reviewing our State's case law, we adopted the concurring opinion in *Cuellar v. American Employers' Insurance Co.*, 36 N.M. 141, 144-47, 9 P.2d 685, 688 (1932) (Watson, J., concurring in result), which "would make the [Act] a worker's exclusive remedy in any going-and-coming situation, regardless of time, place or circumstances, as long as the injury was caused by the employer's negligence." *Espinosa*, 1997-NMCA-072, ¶ 12; *see Cuellar*, 36 N.M. at 144-47, 9 P.2d at 688. We held that prior case law compelled the conclusion that "injuries sustained while going to or from work may be brought within the statutory definition of 'course of employment' by showing that these injuries were caused

6

by the employer's negligence, even when the injuries occurred off-premises." *Espinosa*, 1997-NMCA-072, ¶ 13 (internal quotation marks and citation omitted). The issue in the case before us is not whether off-premises injuries can fall under the Act; the issue is whether the *event* giving rise to Plaintiff's injuries constitutes an "injury by accident arising out of and in the course of employment" under Section 52-1-19. Insofar as *Espinosa* might otherwise shed light on the question before us, it is of no value because *Espinosa* does not consider the limiting phrase "unless the context otherwise requires" of Section 52-1-19.

{19}    *Singhas* and *Espinosa* do not individually control this case, and we decline to combine *Singhas* and *Espinosa* to create exclusive coverage under the Act. Neither case addresses Plaintiff's factual situation—a State employee who is injured while commuting via public transportation to her job with a State agency due to the alleged negligence of another separate State agency in its capacity as the owner and operator of the premises where the injury occurred. We hold that the provision of a temporary commuter parking lot in the context of this case is not incidental to Plaintiff's work and would result in a an unreasonable application of Section 52-1-19.

**CONCLUSION**

{20}    We reverse the district court order granting DOT's motion to dismiss and remand for further proceedings consistent with this opinion.

{21}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**I CONCUR:**

_____
**LINDA M. VANZI, Judge**

**KENNEDY, Judge (dissenting).**

{22}    Plaintiff is an employee of one agency of the state who alleges that she was injured because of the negligence of another state agency. She advanced two arguments in this case: first, that the going and coming rule removes her claim from workers' compensation because she was not acting within the course and scope of her employment at the time she was injured; and second, that the State waived its argument regarding the Act's exclusivity because it was not included in its answer. Section 52-1-19 clearly states that employees going and coming to work who are injured by the negligence of their employer are subject to the exclusive remedy of the Act. Case law also clearly interprets this section of the Act to place Plaintiff squarely in the employ of the State and her claim within the exclusive remedy afforded by the Act. This is due both to her employer's negligence and the injury occurring on her employer's premises. Since Workers' Compensation is a legislative creation assuring employers a limited exposure to the "unpredictable damages available outside its

boundaries," so long as the injury was accidental, *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 12, 131 N.M. 272, 34 P.3d 1148, allowing an employee to sue in tort is serious business. Plaintiff did not disclose until her deposition that she was a state employee going to work when she was injured. Where and how she was injured place her squarely within the Act's purview. The district court was correct in so ruling.

**{23}** The majority opinion, however, grafts a "contextual" appendage onto the Act to allow any "mere commuter" injured by their employer's negligence while on the way to work, including on their employer's premises, to sue their employer in tort. Under *Singhas* and *Espinosa*, Plaintiff was both injured and employed by the state. Thus, the law is clear that Plaintiff's injury occurred within the course and scope of her employment, and as a result, the Act constitutes her exclusive remedy. *Delgado*, 2001-NMSC-034, ¶ 12. Because I believe the Act's clear language, supported by well-established case law, answers Plaintiff's appeal, I respectfully dissent from the majority's creation of a "contextual" commuter exception to the "literal language of Section 52-1-19." Majority Opinion ¶ 14. Such an exception amounts to a rewriting of the Act and is more properly left to our Legislature.

## BECAUSE SHE WAS BOTH EMPLOYED AND ALLEGEDLY INJURED BY THE STATE, PLAINTIFF CANNOT AVOID THE FACT THAT THE ACT CONSTITUTES HER EXCLUSIVE REMEDY

### The Going and Coming Rule Does Not Apply to Injuries Caused by Employer Negligence

**{24}** Section 52-1-19 states, "injury by accident arising out of and in the course of employment . . . shall not include injuries to any worker occurring while on his way to assume the duties of his employment or after leaving such duties, *the proximate cause of which is not the employer's negligence.*" (Emphasis added.). Working through the double negative leads to a conclusion that compensation *is* provided in going and coming situations where there is an injury to a worker, the proximate cause of which is the employer's negligence. "If [the] plaintiff was on his way to assume the duties of his employment and since [the] plaintiff claims [the] defendant was negligent, [Section] 52-1-19 and the cases construing that section would cause the . . . Act to apply." *Galles Chevrolet Co.*, 92 N.M. at 620, 593 P.2d at 61; *see Mountain States Tel. & Tel. Co. v. Montoya*, 91 N.M. 788, 790, 581 P.2d 1283, 1285 (1978). We held in 1983 that there was a significant difference between the common law going and coming rule and Section 52-1-19, *Beckham v. Estate of Brown*, 100 N.M. 1, 6, 664 P.2d 1014, 1019 (Ct. App. 1983), and have since reiterated the premise that employer negligence constitutes an exception within the statute to the application of the going and coming rule. *Barton v. Las Cositas*, 102 N.M. 312, 315, 694 P.2d 1377, 1380 (Ct. App. 1984). We recognized employer negligence as an exception to the going and coming rule most recently in *Flores*, speaking of the "possibility of compensation if the employer were negligent" in the context of exceptions to the going and coming rule, 2008-NMCA-123, ¶ 12. The majority's observation that "DOT does not argue that Plaintiff's claim falls within one of the recognized exceptions" but rather "within the scope of Section 52-1-19" emphasizes only the statutory exception. Majority Opinion ¶ 11. Irrespective of whether employer negligence is an "exception," however, there is no mistaking the statute's intent: "a worker's injury which occurs while going to or coming from work falls

8

within the course of employment solely because it was caused by his or her employer's negligence." *Espinosa*, 1997-NMCA-072, ¶ 12 (internal quotation marks omitted). Employer negligence is fairly pled by DOT and therefore operates to foreclose application of the going and coming rule in this case.

**Plaintiff's Course and Scope Argument Does Not Negate Her Status as an Employee of the State**

{25}    Plaintiff's complaint did not allege any facts suggesting that she was an employee of the State, or that she was traveling to work. She did allege that her injury was caused in part by the negligence of the State. Her brief, however, states that it is undisputed that Plaintiff worked for the DPS in Santa Fe, and that she was injured in the DOT's parking lot while walking to catch a "private commuter shuttle bus." In her reply brief, she reiterates her argument that she was not acting within the course and scope of her employment when she was injured, but that she "was simply walking through a state-operated parking lot in order to catch a privately-owned bus in order to commute to her job in Santa Fe." She denies that she was injured during the course and scope of her employment with DPS and also specifically contends "that the parking lot where she suffered her injuries was *not* part of her employer's premises."

{26}    Nevertheless, Plaintiff proves she appreciates the peril of the employer- negligence exception. In her reply brief, she accuses DOT of "attempt[ing] to bootstrap [Plaintiff's] employer into the workers' compensation arena by asserting that [Plaintiff], a state employee, was injured in a parking lot maintained by another state agency, her employer's negligence was a proximate cause of [her] injury." She attempts to do this by distinguishing *Singhas*, which clearly stands for the proposition that an injury received by an employee of one state agency caused by the negligence of another state agency, is covered by the Act because it is the state, not the individual agency, that is the worker's employer. 1997-NMSC-054, ¶ 4. As the Supreme Court observed in that opinion, Section 52-1-3 of the Act establishes workers' compensation coverage for "for all public employees, as defined in the Workers' Compensation Act, of all [s]tate agencies regardless of the hazards of their employment" and defines "state" or "state agency" as "the State of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions." Section 52-1-3(A), (D); *Singhas*, 1997-NMSC-054, ¶ 4. It is as true today as it was then that the "[L]egislature has not attempted to distinguish the various state agencies and departments from the [s]tate itself." *Singhas*, 1997-NMSC-054, ¶ 6 (internal quotation marks and citation omitted). Hence, until our Supreme Court or Legislature decides otherwise, Plaintiff is as much an employee of DOT as she is DPS for purposes of the Act.

**The Act's Ultimate Policy Favors the Application of Workers' Compensation as an Exclusive Remedy in this Case**

{27}    "[T]he . . . Act is the product of legislative balancing of the employer's assumption of liability without fault with the compensation benefits to the employee." *Johnson Controls World Servs., Inc. v. Barnes*, 115 N.M. 116, 118, 847 P.2d 761, 763 (Ct. App. 1993), overruled on other grounds by *Delgado*, 2001-NMSC-034, ¶ 16. When an employer is in compliance with the Act, its

9

exclusivity provision results in

> a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding what ever for or on account of such personal injuries or death of such employee than as provided in the Workers' Compensation Act.

*Singhas*, 1997-NMSC-054, ¶ 4.

**{28}** By basing the exception on employer negligence while the employee is going to or coming from work, the statute recognizes a direct connection between employer and employee constituting an injury in the course and scope of employment.  Therefore, the exclusive remedy provided by the Act covers any injury caused by employer's negligence arising from  employer/employee relationship when the employee is going to or coming from work.  Considering the requirement that both the risk of injury and the proximate cause of that injury both arise from the employment, it seems appropriate to include injuries received by an employee going to work whose injury is caused by an employer's negligence within the Act's exclusive remedy.  *See Flores*, 2008-NMCA-123, ¶ 22.  If the Act is a mechanism that limits an employer's liability in exchange for granting accelerated compensation to workers, then subjecting claims of employer negligence to the exclusivity of the Act makes sense—the remedy depends upon the employment relationship, and the benefits of the Act accrue to both parties.  *Johnson Controls World Servs., Inc.*, 115 N.M. at 118, 847 P.2d at 763.  Conversely, allowing includes any employee going to work who is injured because of employer negligence to sue in tort because they are a "commuter" clearly upends this relationship, creating a false status based on the character of the going and coming that defeats the clear language and intent of the Act.

## WHAT IS A "CONTEXT" THAT MIGHT REQUIRE OTHERWISE?

**{29}** New Mexico's going and coming rule appears to contain an exception to an exception, including within the Act injuries caused by employer negligence "*unless the context otherwise requires*."  Section 52-1-19.  We cannot proceed to evaluate this phrase by immediately eschewing a "literal definition of 'injury by accident arising out of and in the course of employment.'"  Majority Opinion ¶ 13.  To do so manufactures an exception to a well-established rule for "mere commuters."  The statute clearly includes injuries from employer negligence or injuries occurring on an employer's premises, regardless of negligence or "context."  Thus, the clear rule enunciated in both *Singhas* and *Espinosa* remains unaddressed, as the opinion constructs a suitable "context" to provide a result.

**{30}** The majority's "context" discussion begins with an analysis of *Vukovich*, because only that case has yet discussed "context otherwise requires" language in the Act.  In that opinion, the Supreme Court rejected a worker's claim that his death occurring ten months after his injury in a mine accident constituted a separate injury necessary to set in motion the Act's statute of limitations period.  The Supreme Court held that the "context otherwise requires" language in the definition of

10

injury required it to hold that the statute of limitations did not include death as a separate injury unto itself, even though death did not ensue from the plaintiff's injury for ten months. The Court concisely stated the normative value that was argued:

> It is urged that to declare the statute as having this meaning may result in great hardship in particular cases, as where the employee dies so short a time prior to expiration of a year from date of the injury as to render it physically impossible to prepare and file the claim within the year limited; that since the statute makes compensable all actionable deaths within one year of the injury proximately causing same (1929 Comp. § 156-116), it could not have been intended to create the right and as to certain cases leave the dependents remediless.

*Vukovich*, 40 N.M. at 378, 60 P.2d at 358. However, the Court held that the context "otherwise require[d]" divorcing the original "injury" as the triggering event clearly expressed in the statute from the later "death resulting from injury." *Id.* at 376, 60 P.2d at 357. "Courts cannot read into an act something that is not within the manifest intention of the Legislature, as gathered from the statute itself. To do so would be to legislate, and not to interpret. There is no ambiguity in this statute, and it neither requires nor admits of construction." *Id.* at 379, 60 P.2d at 359.

{31}     The majority opinion fails to heed *Vukovich*'s message of judicial restraint, holding that DOT's obligations and duties as owners and operators of a parking lot are "distinct from DPS's status as Plaintiff's employer." Majority Opinion ¶ 14. In this case, DOT's alleged negligence in a location remote to the employee's actual workplace is no different than the highway department's negligence in *Singhas* failing to stripe and sign a public highway. In both instances, the state's negligence contributed to the state employee's injury. *Singhas*, 1997-NMSC-054, ¶ 4 (holding that the exclusivity provision of the Act bars all tort claims by employees of one state agency where the tortfeasor is another state agency). Holding that Plaintiff was no more than a "commuter using public transportation," Majority Opinion ¶ 14, is unavailing, as the mode of transport is immaterial to how an employee travels in the scope of her employment. Section 52-1-19 designates the Act as the exclusive remedy for all injuries received as a result of employer negligence when the employee is going to and coming from work "regardless of time, place or circumstances." *Espinosa*, 1997-NMCA-072, ¶ 12. *Singhas* and *Espinosa* are clear that if there is a connection to the employment, the exclusive remedy applies. Commuters not employed by the state can sue DOT in tort, but they may not seek workers' compensation. Commuters injured by an employer's negligence on the way to work are subject to the Act's exclusive remedy.

{32}     Similarly, the majority opinion misreads the holding in *Singhas*, by stating that Plaintiffs in that case were barred "because the[y] were already receiving . . . benefits." Majority Opinion ¶ 17. This is incorrect. Plaintiffs' receipt of benefits was mentioned in the context of their dual persona claim. *Singhas*, 1997-NMSC-054, ¶¶ 7-8. Receipt of benefits does not change in the least the status of the state as both employer and tortfeasor, nor does it change how Section 52-1-19 operates. Our Legislature has chosen to include within the Act negligent injuries caused by an employer while the employee is going and coming. This Court has endorsed that policy by incorporating employer negligence into the very definition of conduct within the employment relationship. *Espinosa*, 1997-

11

NMCA-072, ¶ 12.

**{33}** The State terminated Plaintiff's employment because it considered her injury "non work-related." Despite the broad "contextual" change wrought here, Plaintiff asked us to hold only that her injury falls outside the Act because she was not in the course and scope of her employment when it occurred. She attempts to distinguish *Espinosa* in her reply brief only to say that "there are no facts showing that [her] employer was negligent with respect to the unmarked construction hole in the Albuquerque parking lot." This is also the argument accusing DOT of trying to "bootstrap" employment status from DPS. Clearly Plaintiff is mistaken, as the discussion above regarding *Singhas* clearly shows. However, DOT's negligence in maintaining the parking lot, together with their being an integral part of the entity that is Plaintiff's employer, directs attention to the majority's discussion of the place of injury. Owing to *Espinosa*, the place of injury brings Plaintiff's injury squarely within the scope of her employment.

**The Place of Injury May Constitute a Separate "Context" or Basis upon Which to Invoke Exclusivity**

**{34}** Since the State employed Plaintiff, DOT's negligence caused an injury to Plaintiff on her way to work, the elements of Section 52-1-19 are satisfied. I therefore disagree with the majority's rejection of *Espinosa* in this case. They dismiss it for not addressing the "context" language. Paradoxically, *Espinosa* may actually shed light on "context" by discussing how premises ownership has come to almost eclipse employer negligence to play an important role in the analysis of whether an employee's injury is work related. *Espinosa*'s discussion of the "peculiarity" of New Mexico law, through *Cuellar*, suggests that the "other context" language might reflect New Mexico's "peculiar" position against the common law, which did not recognize an injury on an employer's premises to be within the course and scope of employment absent employer negligence. *Espinosa*, 1997-NMCA-072, ¶¶ 8-10. *Cuellar* recognized New Mexico's departure from the norm by excluding injuries on an employer's premises, yet allowed compensation for injuries caused by employer negligence. That opinion nevertheless tried to limit the application of employer negligence to only events "connected with the employment of the deceased in point of time, space, and circumstance." *Cuellar*, 36 N.M. at 146, 9 P.2d at 688. *Espinosa* pointed out that in the intervening sixty-five years, our courts have expanded the application of employer negligence as the "sole[]" basis for compensation, regardless of time, place or circumstances. 1997-NMCA-072, ¶ 12.

**{35}** A course left uncharted by the majority concerns the line of cases that *Espinosa* arguably recognizes as "the other context" of Section 52-1-19; *Espinosa*'s holding expands the rule allowing a worker's recovery under the Act based on an injury occurring on the employer's premises as being specifically within the course and scope of employment. *See Dupper*, 105 N.M. at 506-07, 734 P.2d at 746-47; *Lovato v. Maxim's Beauty Salon*, 109 N.M. 138, 141, 782 P.2d 391, 394 (Ct. App. 1989). Although time, place, and circumstances had not been part of the statute since the 1930's, as a result of *Cuellar*, they nevertheless came to affect compensation. Hence, those considerations became another "context," although one that was ultimately rejected when the Supreme Court quashed certiorari in *Espinosa*.

12

**The State Employed Plaintiff and Maintained the Parking Lot in Which She Was Injured**

{36}     Given the nature of New Mexico's Park and Ride and the extent to which it was utilized by state employees*, Dupper*'s statement "that the course of employment includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the employer's premises while passing to or from the place where the work is actually done" also negates the Plaintiff's position.  105 N.M. at 506, 734 P.2d at 746 (internal quotation marks and citation omitted).  Subsequently our opinion in *Espinosa* clarified the principle that the distance between the employer-owned location of injury and place where the employee actually performs his work is of no legal consequence.  1997-NMCA-072, ¶¶ 11-12.

{37}     *Singhas* held that DOT's negligence for road defects fell under the exclusive remedy of the Act, when they may injure a state employee.  So too must this case, as defects in DOT property held out for public use are functionally identical to any defects found on public roadways.  If such a result produces unintended consequences given the state's recent foray into the enterprise of rapid transit, rewriting the Act to exempt commuters who are state employees from the Act's exclusivity is certainly not the proper course for courts.  *Singhas* already requires all state employees injured in the course of their work by state negligence on its highways to be subject to the Act.  If, for example, it makes bad policy to designate workers' compensation as the exclusive remedy for all state employees injured on the Rail Runner or at its stations by state negligence, such a policy must be abolished by the Legislature, not the courts.  They may consider it to be just as bad a policy to allow all state employees injured on the Rail Runner to seek their remedy in tort.  It is simply not our role to reorder the delicately balanced relationships in this way.

**The Majority Opinion Improperly Creates a "Mere Commuter" Exception to Section 52-1-19**

{38}     This Court should restrain itself to the arguments of counsel on appeal.  Reviewing the case de novo, we should not create a remedy based on arguments not presented (a new "context").  Plaintiff's pleadings below studiously avoided ever mentioning that she was an *employee going to work*; yet, it is obviously so.  Nowhere does Plaintiff request review of the statutory language by which the opinion grants license to the status of a *mere commuter*, a "context" allowing sixty years of this statute's use to be abrogated.  Assuming the truth of Plaintiff's allegations, her injuries are certainly painful, debilitating, and ongoing.  Under the current system, she may be left without a remedy because she never sought one under the Act's exclusive remedy.  Our Supreme Court recognized in *Vukovich*, that denying a claim for a worker's death can wreak a hardship.  Yet, the Court observed, "the fact that hardship may result can furnish no warrant for the courts to supply what the Legislature has omitted or to omit what it has inserted."  40 N.M. at 379, 60 P.2d at 359.  Plaintiff's claim is functionally no different from what was considered in *Singhas*.  Section 52-1-19's exception to the going and coming rule for employer negligence, leaves no way around the consequence that Plaintiff being a state employee, on state property, allegedly injured by state negligence.  The breadth and number of employees implicated by this case's policy considerations does not change the law or the relationship between Plaintiff and her employer.  The fact that her tort claim is barred by the Act's exclusivity provision is a predictable result based on precedent of long standing.

**THE OPINION SHOULD AFFIRM THE DISTRICT COURT'S REJECTION OF DOT'S ALLEGED WAIVER OF JURISDICTION**

{39}    I believe tying up a loose end is beneficial with regard to Plaintiff's argument that the district court committed a procedural error in hearing DOT's motion to dismiss.

{40}    Plaintiff's briefing specifically avers she never asserted she was injured by the negligence of her employer, on premises owned by her employer, or in the course and scope of her employment. She never filed a claim under the Act. Plaintiff argues that by not pleading the Act in its answer as an affirmative defense, DOT waived the issue and may not raise it by motion. DOT's answer reserved the right to rely on any affirmative defense that might become known or available during discovery and amend its answer accordingly.

{41}    DOT argues that in the absence of any factual allegations in the complaint asserting an employment relationship and/or coming and going, it was not until the discovery process that the defense presented itself. DOT moved to amend its answer promptly. It also moved for dismissal at that time. Such a scenario is proper under the circumstances, and DOT should prevail on this issue. *Montano v. House of Carpets Inc.*, 84 N.M. 129, 130, 500 P.2d 414, 415 (1972); *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1 (establishing a lack of jurisdiction under Rule 1-012(B)(1) NMRA based upon Plaintiff's affidavits).

---

**RODERICK T. KENNEDY, Judge**

**Topic Index for *Quintero v. N.M. Dep't of Transp.*, Docket No. 28,875**

| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |

| **CP** | **CIVIL PROCEDURE** |
| CP-MD | Motion to Dismiss |

| **JD** | **JURISDICTION** |
| JD-SM | Subject Matter |

| **TR** | **TORT** |
| TR-PS | Premises Liability |

| **WC** | **WORKERS COMPENSATION** |
| WC-CR | Coming and Going Rule |
| WC-CE | Course of Employment |
| WC-ER | Exclusive Remedy |